### 40999. BOLTON v. THE STATE.
### 41000. BUTLER v. THE STATE.
(318 SE2d 138)

WELTNER, Justice.

Franklin Connorris Bolton and Robin Butler were jointly indicted, tried and convicted of felony murder and cruelty to children, arising out of the death of Butler's two-year-old daughter. Each was sentenced to life imprisonment for murder and a term of years for cruelty to children.[1]

Bolton and Butler were represented by different counsel at trial, but are jointly represented by Butler's trial counsel on appeal. Appellate counsel has filed an Anders motion, Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), in Bolton's appeal and urges in Butler's appeal that the evidence does not support the verdict; that hearsay evidence was admitted over timely objection; that the court should have instructed the jury on Butler's alibi defense although

---

[1] The offense was committed on 2/1/82. The date of conviction was 8/5/83. Motions for new trial were filed on 8/15/83 and 8/29/83. The motions for new trial were heard on 11/30/83 and denied on 12/5/83. Notice of appeal was filed 12/8/83, and the transcript of evidence filed on 2/24/84. The appeals were docketed in this Court on 4/4/84, and were submitted for decision on 5/18/84.

Butler requested no charge on this theory; and that the court's instructions cast upon Butler the burden of proving her innocence by making no reference to her possible innocence.

1. The offense of cruelty to children was alleged in the indictment, and was charged as the underlying felony of the felony murder count of the joint indictment under which Bolton and Butler were convicted. (The verdict of the jury acquitted Bolton and Butler of malice murder.) A felony murder conviction may be predicated upon the felony of cruelty to children. *Graham v. State*, 251 Ga. 640 (308 SE2d 844) (1983). However, a defendant may not be convicted of felony murder and also be convicted of the underlying felony which supports the conviction of felony murder. *Hunter v. State*, 249 Ga. 114 (4) (288 SE2d 214) (1982). The remedy in these circumstances "is not a new trial, but a reversal of the conviction of the underlying felony." *Blankenship v. State*, 247 Ga. 590, 591 (2) (277 SE2d 505) (1981). Accordingly, Bolton's and Butler's convictions for cruelty to children are vacated.

2. We now review the sufficiency of the evidence in both appeals.

Bolton, Butler and Butler's two-year-old daughter, Lisa, lived together in Butler's house trailer. Lisa's doctor observed bruises and swelling on the child's face three months before her death. Bolton had put Lisa to bed on the preceding evening while Butler visited next door.

Lisa sustained further bruises four to five weeks before her death, at which time a neighbor asked Lisa what was wrong with her bloodshot right eye and was told, "Mommy hurt me." A few days before Lisa's death, she complained to Butler that the bruises on her back were hurting. Butler's written statement reads, in part, "I suspected [three weeks before Lisa's death] that Bolton had been hitting Lisa, but I did not want to say anything about it to him or anyone else because I was scared he would leave me."

Bolton struck Lisa with his open hand at least four times during the night before her death. He struck her four to five times more during the morning of the day she died.

The autopsist noted almost continuous bruises on the child's back, from her neck to her hips. Between 50 and 60 bruise marks appeared on Lisa's body, many of which, in addition to damage to her heart, diaphragm, right kidney and liver, had been inflicted only hours before observation. Additionally, there were signs of injuries sustained several weeks before the examination. The autopsist testified that a subdural hematoma and resulting brain damage were the probable cause of death, although a blood clot in the lung was a possible cause of death. Both injuries were related to trauma. The autopsist testified that there was no chance that Lisa died of natural causes.

· The jury's verdict of felony murder premised upon the underlying felony of cruelty to children is supported by the evidence under the criteria of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. We find no error in the failure to charge alibi, as there was no request to charge on that theory of defense. *Rivers v. State*, 250 Ga. 288, 299 (8) (298 SE2d 10) (1982).

4. We find no error in the admission of Lisa's medical records. A proper foundation was laid under OCGA § 24-3-14, and the hearsay objection under OCGA § 24-3-1 accordingly is without merit.

5. The remaining enumeration of error is without merit.

*Judgment in Case Nos. 40999 and 41000 affirmed in part; reversed in part. All the Justices concur.*

DECIDED JUNE 29, 1984.

*Walton Hardin*, for appellants.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.*, for appellee.