41684. TURNER v. THE STATE.
(325 SE2d 149)

WELTNER, Justice.

Turner and Clark were convicted of cruelty to children and felony murder as a result of the death by beating of Turner's four-year-old daughter. Each was sentenced to life imprisonment for murder, and to a term of twenty years for cruelty to children. Turner appeals.[1]

1. The state concedes that Turner "may not be convicted of felony murder and also be convicted of the underlying felony [cruelty to children] which supports the conviction of felony murder." *Bolton v. State,* 253 Ga. 116, 117 (318 SE2d 138) (1984). The conviction for cruelty to children is therefore vacated. *Bolton,* supra.

2. Turner questions the sufficiency of the evidence to sustain her

---

[1] The crimes were committed on February 21, 1984, the defendant was convicted on August 24, 1984, the judgment of conviction was appealed on September 21, 1984, a transcript of evidence was filed on October 11, 1984, the record was docketed in this court on October 31, 1984, and the case was submitted to this court for decision on December 12, 1984.

conviction. The child was not breathing and registered no blood pressure when she was brought to an emergency medical facility. An attending nurse testified that her body exhibited numerous cuts, bruises, scrapes and burns, possibly a broken arm, swelling of the face, and hematoma at the upper forehead. Wounds in the groin area were consistent with cigarette burns. She had a badly burned left hand, and there were bite marks on her buttocks. A large quantity of blood was found in the child's abdominal and thoracic cavities. The clinic supervisor testified that the injuries were consistent with child abuse. The autopsist testified that the child died of blunt force trauma to the head, which caused intra-cranial bleeding.

Turner admitted striking the child with a belt, with an electric iron cord, and with switches, but said that she stopped when evidence of trauma became visible. She said that the child "had a right nasty attitude and that she acted real smart like she knew what everything was going on." Neighbors testified that Turner was in the apartment on the night of the homicide.

Clark, the co-defendant, admitted that he had hit the child "too hard." He acknowledged kicking the child and hitting her in the stomach. He said Turner was present in the apartment when he struck the child.

The evidence is sufficient to sustain the conviction under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Turner contends that she was denied due process under the Fourteenth Amendment when the trial court allowed the jury to consider a verdict of felony murder. The indictment charged Turner with cruelty to children, and with malice murder in that she struck and beat the child with hands, fists and other objects. The language of the indictment was sufficient notice to Turner that she could be found guilty of the included offense of felony murder in the course of committing the felony of cruelty to children. *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984).

4. We find no violation of *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983). The physical conditions visible in the photographs were not created by the autopsist. Although the tubes inserted into the child's body could have been removed before the photographs were taken (and *should* have been removed), they were not "so gruesome as to require reversal." 250 Ga. at 866.

5. We find no violation of the principle stated in *Alexander v. State*, 247 Ga. 780, 784 (279 SE2d 691) (1981). There was no instruction here that a unanimous finding of innocence was required as to the charged offense before the jury properly might consider Turner's guilt as to a lesser included offense.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED JANUARY 30, 1985.

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.