42400. WILLIAMS v. THE STATE.
(334 SE2d 691)

WELTNER, Justice.

Horace Williams was convicted of felony murder and the underlying felony of aggravated assault by shooting Andrew Holloman in the leg with a handgun, causing him to fall under the wheels of his motor vehicle, thereby causing his death. Williams also was convicted

of aggravated assault by shooting at Vernesa Sims.[1]

The jury heard testimony indicating that both events occurred at a lounge. Williams was intoxicated. He demanded five dollars from fellow patrons of the lounge, brandished a handgun, and threatened to shoot out the lights. He later fired his handgun from the parking lot of the lounge in the general direction of a passing police vehicle. Williams forcibly opened the door of the victim's car and demanded money for drinks. When the victim refused, Williams fired several rounds into Holloman's vehicle, missing Ms. Sims but striking the victim in the leg. Holloman fell from his vehicle, which then rolled over him. Medical testimony indicated that the leg wound was neither life-threatening nor disabling, and that the victim died from asphyxiation caused by pressure applied to his body by one of the vehicle's tires, and by the twisting of his clothing around his neck.

1. Williams contends that the evidence does not support the verdict. Specifically, he contends that he did not cause the death of the victim within the meaning of the felony murder statute, which provides: "A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). He relies upon the uncontradicted medical testimony that the bullet wound to the victim's leg neither was life-threatening nor disabling.

"Where one commits a felony upon another, such felony is to be accounted as the efficient, proximate cause of the death whenever it shall be made to appear . . . that the felony directly and materially contributed to the happening of a subsequent accruing immediate cause of the death. . . ." *Durden v. State*, 250 Ga. 325, 329 (297 SE2d 237) (1982). Here, the assault upon Holloman directly and materially contributed to his death by asphyxiation by causing him to fall from and be run over by his motor vehicle. The nature of the leg wound is of no consequence.

2. The evidence supports the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The underlying felony of aggravated assault upon Holloman, which supported the conviction for felony murder, must be reversed. *Turner v. State*, 253 Ga. 762 (1) (325 SE2d 149) (1985). The conviction for the separate aggravated assault upon Ms. Sims may stand. *Satterfield v. State*, 248 Ga. 538 (3) (285 SE2d 3) (1981).

4. The trial court did not abuse its discretion by refusing to allow

---

[1] The jury verdict of guilty on all counts was returned on October 12, 1984, a motion for new trial was filed on November 13, 1984, and denied on April 16, 1985. The case was docketed in this court on May 31, 1985, and submitted for decision on July 12, 1985, after which Williams' brief was filed on September 6, 1985, in response to our order of July 24, 1985, directing appointment by the trial court of new appellate counsel.

Williams to reopen his case to bring to the stand another employee of the lounge. See *Page v. State*, 249 Ga. 648, 651 (292 SE2d 850) (1982). The second witness' testimony would have been cumulative, and the defense had agreed that the state's rebuttal witness could be excused.

5. The crime scene photographs illustrating the victim's wounds and the position of his body were not excludable under *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

6. Williams will not be heard to complain that the court charged in accordance with his own request to charge.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED OCTOBER 2, 1985.

*Stanley R. Carpenter,* for appellant.
*Robert E. Wilson, District Attorney, Michael J. Bowers, Attorney General,* for appellee.