## 44837. ZACKERY v. THE STATE.
(360 SE2d 269)

MARSHALL, Chief Justice.

Paul Antonio Zackery appeals from his conviction of felony murder and cruelty to children, resulting from the death by beating of two-year-old Ross Johnson, for which he was given concurrent life and 20-year imprisonment sentences.[1]

1. We find, viewing the evidence in a light most favorable to the

---

[1] The date of the crimes was September 30, 1984. The conviction was on April 23, 1985. An out-of-time motion for new trial was permitted to be filed on June 10, 1985. The transcript of evidence was filed on June 18, 1985. An out-of-time notice of appeal was permitted to be filed on June 11, 1987. The out-of-time motion for new trial was withdrawn on June 25, 1987. The record was docketed in this court on July 13, 1987. After briefing, it was submitted for decision without oral argument on August 28, 1987.

jury's verdict, that the evidence was sufficient to enable any reasonable trier of fact to find the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Zackery may not be convicted of felony murder and also be convicted of the underlying felony (cruelty to children) which was alleged by the indictment to support the conviction of felony murder. *Williams v. State*, 255 Ga. 21 (3) (334 SE2d 691) (1985); *Walker v. State*, 254 Ga. 149 (1) (327 SE2d 475) (1985); *Turner v. State*, 253 Ga. 762 (1) (325 SE2d 149) (1985); *Bolton v. State*, 253 Ga. 116, 117 (318 SE2d 138) (1984). The conviction for cruelty to children is therefore vacated.

3. The trial court charged the jury in part as follows: "When you retire to the jury room, you are to determine whether or not the defendant is innocent or guilty first of murder or felony murder. Then you are to determine whether or not the defendant is innocent or guilty of cruelty to children. Should you find the defendant not guilty of murder, felony murder, or cruelty to children, you would then determine whether or not he's innocent or guilty of involuntary manslaughter and/or simple battery, and you are to go through the same options, you are to determine whether or not he's guilty or innocent of involuntary manslaughter. Should you find him not guilty of involuntary manslaughter, you then go to simple battery. Should you not find him guilty of simple battery, your verdict would be, we the jury find the defendant not guilty, and that would cover all of them."

The appellant contends that the above instructions erroneously required the jury to acquit him of malice murder, felony murder, and cruelty to children before they could even consider the lesser included offenses of involuntary manslaughter or simple battery, allegedly contrary to decisions such as *Alexander v. State*, 247 Ga. 780 (279 SE2d 691) (1981) and cits. However, the instructions are not subject to this objection, because the trial court did not instruct the jury that the jury had to find the defendant not guilty of any particular offense prior to considering any lesser offense; rather, it simply gave the jury a logical order in which to consider the offenses. Moreover, in addition to this instruction, the trial court followed the "better practice" set out in *Alexander*, supra at 784, i.e., he charged "that the burden of proof is on the state, the definition of reasonable doubt, the definition of murder, the jury's authority to find the defendant guilty of murder if convinced beyond a reasonable doubt, the jury's authority to consider the lesser offense if the defendant be found not guilty of murder, followed by the definition of the lesser offense."

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunt, J., who concurs in the judgment only as to Division 3.*

DECIDED SEPTEMBER 24, 1987.

*Drew R. Dubrin*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.