## 45302. PORTER v. THE STATE.
### (365 SE2d 438)

CLARKE, Presiding Justice.

Appellant Porter was convicted of the armed robbery and the felony murder of Willie Perkins, Sr. on June 27, 1983. He received a sentence of life in prison and a term of years.[1] Mr. Perkins owned the Perkins Lake property in Barrow County. He stocked the ponds on

---

[1] The crime occurred on June 27, 1983. The indictment was filed August 3. 1983. Appellant was convicted of armed robbery and felony murder on February 24, 1984, and sentenced to two life sentences to be served consecutively. A motion for new trial was filed March 23, 1984, by the public defender who had represented appellant at trial. A second motion was filed March 26, 1984, by another attorney who subsequently withdrew from the case. A third attorney filed an amendment to the motion for new trial on December 4, 1987. The motion for new trial and amended motion were denied December 4, 1987. A notice of appeal was filed December 4, 1987, and the case was docketed in this court December 16, 1987. The transcript was certified June 25, 1984. The case was submitted for decision January 29, 1988.

the property for fishing and held fishing tournaments at which fishermen paid a fee to fish. He customarily paid cash for the fish to stock the ponds. Testimony at trial indicated $4,300 had been paid for fish on one occasion. Other testimony showed Perkins ordered fish for a Fourth of July tournament but they had not been delivered by the Monday of the murder. Perkins also ran a bait and tackle shop on the property, and it was there that he was found shot with his wallet missing and the cash register open. The bullet which killed him was fired from a .22 caliber rifle. A .22 caliber rifle hull was found in the ladies' room 45 feet from the bait shop.

Appellant lived with his uncle, who owned a .22 caliber rifle. There was testimony that the rifle was missing on Wednesday before the murder on Monday. On the Friday before the murder a witness saw appellant within a mile of the Perkins property with a rifle wrapped in a white cloth but with both ends exposed. There was testimony that he had pawned his own guns a week or two before the murder.

A witness observed an automobile like the Cutlass Oldsmobile owned by appellant on the side of Highway #324 parked facing the direction of the Perkins property at 11:55 a.m. Another witness saw the car at approximately 12:20 p.m. The second witness also observed appellant walking in the direction of the automobile at about 12:20 and observed him driving the automobile a few minutes later toward Statham, Georgia, and away from the direction of the Perkins property.

On the afternoon of the murder, appellant paid $38 to retrieve a previously pawned welding tool. He also paid $87.91 in cash for auto parts previously ordered. A good deal of change, including 45 quarters, was found in appellant's car by police after the murder.

A witness who was fishing at Perkin's Lake encountered appellant behind the rest room located near the bait shop at approximately 11:50 a.m. Mr. Perkins, who was seen driving away from the bait shop at approximately 11:45 a.m., was seen returning to the bait shop at noon. Two children who were fishing at the lake went into the shop to purchase candy and were told by Mr. Perkins that they did not have enough money. They went back to their parents to get more change. Several people heard a gunshot. The children, returning to the bait shop with their money, found Mr. Perkins and ran screaming to their parents. Police were called at 12:24 p.m.

After his arrest appellant gave a statement to police in which he gave an alibi for the time of the murder. Testimony at trial failed to corroborate the alibi. An inmate of the jail where appellant was incarcerated testified that appellant said that he had borrowed money from Mr. Perkins in the past and that he had gone to the bait shop to borrow money and that his gun had gone off accidentally. Further, he

said that he had thrown the gun into the lake. Another inmate testified that appellant told him that without a gun the police did not have any evidence. A third inmate testified that appellant told him that he did not shoot the victim.

1. We find that the evidence, though circumstantial, is sufficient to meet the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his trial counsel was ineffective. He raises this issue for the first time on direct appeal. We held in *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987), that after the published date of the *Thompson* opinion, November 5, 1987, any claim of ineffective assistance raised would be deemed waived if an appellant's attorney has filed a motion for new trial without raising ineffective assistance. Appellant here filed an amended motion for new trial on December 4, 1987, through new counsel who represents him in this appeal. Since he has new counsel who did not raise ineffective assistance at the time of the amended motion for new trial, the issue is deemed waived.

3. We find that appellant's conviction for armed robbery must be reversed because the armed robbery was the underlying felony for the felony murder. A defendant may not be convicted of both felony murder and the underlying felony. *Bolton v. State*, 253 Ga. 116 (318 SE2d 138) (1984). Accordingly, the conviction for armed robbery is reversed.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MARCH 16, 1988.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.