## S90A0614. ALLEN v. THE STATE.
### (390 SE2d 848)

WELTNER, Justice.

Anthony Wayne Allen stabbed to death his wife, Wanda Keener Allen. He was convicted of murder and sentenced to life imprisonment.[1]

The record contains evidence of frequent quarrels between Allen and his wife. The fatal weapon was a kitchen knife with a rounded tip, which penetrated 2 ½ inches into the victim's neck. Allen stated that while he was holding the knife to the victim's throat, she stepped against it, whereupon by accident it pierced her throat. After the stabbing, Allen notified neither law enforcement nor medical personnel, but with the assistance of a friend, threw the body into a well. Allen showed no remorse, and laughed when he told his friend about his wife's death. He removed the valuables from his wife's purse before disposing of it, and later denied knowledge of her whereabouts.

1. The evidence is sufficient to permit a rational trier of fact to

---

[1] The homicide occurred on December 11, 1988, and Allen was indicted for murder on March 29, 1989. He was found guilty of malice murder on April 6, 1989, and was sentenced the same date. His motion for new trial was filed on April 25, 1989, amended on November 17 and December 14, 1989, and denied on December 15, 1989. A notice of appeal was filed on January 8, 1990. The appeal was docketed on February 9, 1990, and argued orally on April 16, 1990.

find Allen guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Allen contends that the trial court erred in failing to charge the jury sua sponte concerning misfortune or accident, thereby depriving him of his sole defense. No objection was made to the charge as given.

(b) In *Pruitt v. State*, 258 Ga. 583, 590 (14) (373 SE2d 192) (1988), we held:

> If the trial court asks whether or not there are any objections to the charge, counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980).

This enumeration of error has not been preserved for appellate review. *Rivers v. State*, 250 Ga. 303 (7) (298 SE2d 1) (1982).

3. (a) Allen asserts that it was error for the trial court to give an "*Allen* charge" (see *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)) after the jury had been deliberating for only one hour.

(b) In *Cameron v. State*, 256 Ga. 225, 226 (2) (345 SE2d 575) (1986), we held:

> By not excepting to the alleged [erroneous charge] in response to the trial court's inquiry, and by failing to reserve the right later to object, [the defendant] waived his right to assert such errors on appeal. [Cits.]

Furthermore, "[t]he decision as to the giving of such a charge does not depend upon a finding that the jury is deadlocked. [Cit.]" *Sanders v. State*, 257 Ga. 239, 243 (7) (357 SE2d 66) (1987). The charge given was a portion of the one approved in *Romine v. State*, 256 Ga. 521 (1) (350 SE2d 446) (1986). That it was not coercive may be inferred from the fact that, after it was given, the jury deliberated for another day and a half.

4. (a) Allen assigns as error the overruling of his motion for new trial on the ground of ineffective assistance of trial counsel. He lists as counsel's shortcomings: (1) failure to request a charge on misfortune or accident; (2) failure to inquire into the voluntariness of Allen's incriminating statement, and (3) failure to object to claimed "irrelevant, misleading and prejudicial" evidence as to Allen's pickup truck. This last, he contends, made it appear that he killed his wife in order to prevent her from taking the vehicle.

(b) In *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), employing the standards for determining the issue of ineffec-

tive assistance as set forth in *Strickland v. Washington*, 466 U. S. 668, 669 (104 SC 2052, 80 LE2d 674) (1984), we held that the

> inquiry must be whether counsel's assistance was reasonable considering all the circumstances, and . . . every effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time.

5. (a) Trial counsel stated that his decision not to request a charge on misfortune or accident was based upon the evidence that Allen held the knife at the victim's throat and admonished her: "I could kill you"; and upon his recognition that the *only* evidence of misfortune or accident was Allen's own testimony. Upon an appropriate request, Allen would have been entitled to a charge on accident. However, in view of the strong evidence against him, and of the improbability that the victim would thrust herself upon a blunt-tipped knife with such force as to cause the knife to penetrate her body a depth of 2 ½ inches, Allen has failed to show

> that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.] [*Smith v. Francis*, 253 Ga. 782, supra at 783.]

(b) The jury heard testimony that Allen waived his rights freely and voluntarily after having been given *Miranda* warnings. Questioning ceased when Allen indicated that he wanted an attorney, and was not renewed until he offered to continue, after additional *Miranda* warnings. In the light of this evidence, there is no showing that a different course taken by trial counsel would have altered the result of the trial. *Smith v. Francis*, supra.

(c) As to the evidence regarding the pickup truck, Allen acknowledged that if the victim had left him, she would have taken the truck, and that he considered the truck to be his. He denied that he killed his wife because of these circumstances. Having denied that the truck figured as a motive for the homicide, it is not reasonably probable that the failure to object to the questioned testimony would have changed the outcome of the trial. *Smith v. Francis*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1990.

*John W. Timmons, Jr.,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Michael J. Bowers, At-*

torney General, *C. A. Benjamin Woolf,* for appellee.