S90A0033. SMITH v. THE STATE.
(393 SE2d 229)

BELL, Justice.
Appellant Charlie Woodrow Smith was convicted of malice murder, aggravated assault, and possession of a firearm by a convicted felon.[1] He appeals, and we affirm in part and remand in part.
1. Appellant's first enumeration of error is that the trial court erred by denying his motion for new trial on the general grounds.
We disagree. Construed most favorably to the verdict, the evidence showed that on June 26, 1988, appellant and his wife, Marian Gail Smith, were involved in a fracas that arose from his wife's use of the family vehicle to buy drugs from streetside sellers. A witness testified that appellant had talked with him the day of the shooting during a search by appellant for his wife, and that appellant had told him that he hoped "she ain't doing what I think she's doing 'cause if she is

---

[1] The aggravated assault and possession of a firearm occurred on June 26, 1988. The murder victim was shot on June 26, and died on June 27. Appellant was indicted on December 9, 1988. The indictment charged him with the malice murder and felony murder of Tony Bernard Ashley; aggravated assault on Marian Gail Smith; and possession of a firearm by a convicted felon. On April 5, 1989, a jury returned a verdict of guilty concerning all four charges. On the same day, the court sentenced appellant for the malice murder, aggravated assault, and possession convictions. The court subsequently entered an order that the court would not sentence him for felony murder because appellant had been convicted and sentenced for malice murder.

Appellant filed a motion for new trial on May 4, 1989. On June 9 the court reporter certified the trial transcript. The trial court denied the motion for new trial on July 20. Appellant filed a notice of appeal on August 18, and the clerk of the trial court certified the record on September 29. On October 10 the appeal was docketed in this Court, and on January 8, 1990, the appeal was orally argued.

there's gonna be some trouble." During the fracas, the wife attempted to escape appellant by driving off in the vehicle, and appellant twice fired a pistol into the vehicle. The first shot was fired from the driver's side of the vehicle, through the driver's window. The shot passed appellant's wife, who was the driver, striking and fatally wounding the front-seat passenger, Tony Bernard Ashley. The second shot, which was fired from the rear of the vehicle through the rear window, did not strike anyone. A rear-seat passenger testified that appellant fired the fatal shot from a standing position after aiming his pistol at the car, and fired the second shot as his wife was driving away. After the fracas, the wife left the scene in the vehicle. She subsequently told a police investigator that she thought appellant shot at her because he was upset with her. Appellant fled the scene of the shooting, and remained a fugitive until his arrest in February 1989. At the date of the shooting, appellant was a convicted felon.

We conclude that this evidence was sufficient to sustain the convictions for the malice murder of Tony Bernard Ashley, the aggravated assault of Marian Gail Smith, and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sapp v. State*, 260 Ga. 86 (390 SE2d 38) (1990).

2. In his second enumeration of error, appellant contends that the trial court erred in not instructing the jury on self-defense. We find no error.

During a conference on jury instructions, appellant's counsel requested the court to charge on both accident and self-defense. After a discussion among counsel and the court, the court gave instructions to the jury that included a charge on accident, but no charge on self-defense. On appeal, appellant contends (through new counsel) that the court erred in failing to charge on self-defense.

Appellant's argument (as we understand it[2]) begins with an assertion that the record is unclear concerning whether his trial counsel voluntarily withdrew their request to charge self-defense. He goes on to contend that the failure to charge that defense violated his federal constitutional due-process rights even if the request was voluntarily withdrawn. His argument in this regard is that the trial court had a duty to charge self-defense because (according to appellant) the sole defense established by his testimony was self-defense. Appellant further contends that, should this Court conclude that since trial counsel voluntarily elected to withdraw their request he therefore was not entitled to a charge on self-defense, then the issue whether trial counsel were ineffective for making the election must be considered.

---

[2] We assume that appellant is arguing that he should have had the benefit of a charge on self-defense as a defense to both malice murder and aggravated assault, although his brief is vague on this point.

3. We find no merit in appellant's contention that the record is unclear concerning whether his trial counsel voluntarily withdrew their request to charge.

The charge conference was not taken down by the court reporter, but after trial appellant requested the court to supplement the record. Pursuant to the motion, the prosecutor and defense counsel submitted affidavits to the court, stating their recollections of the colloquy concerning the requests to charge accident and self-defense. According to the affidavit of the prosecutor, during the conference the court "suggested" that the requests were inconsistent, and defense counsel then withdrew the self-defense request and "instructed the Court that they would request the charge on accident or misfortune." The prosecutor also swore that defense counsel "acceded to the suggestion of the trial court and at no time objected to the procedure followed by the Court." After holding a hearing on the motion to supplement, the court found that the prosecutor's affidavit "accurately cures the omission in the record," and ordered that it be made a part of the record.

In his argument to this Court, appellant contends that the circumstances of the charge conference are unclear because the prosecutor's affidavit conflicts with the affidavits of appellant's trial counsel.

However, the trial court's adoption of the prosecutor's affidavit was dispositive, and is not subject to our review. OCGA § 5-6-41 (f), (g); *Patterson v. State*, 233 Ga. 724, 730-731 (7) (213 SE2d 612) (1975). Therefore, we conclude that the facts of the conference are as stated by the prosecutor: The court suggested to defense counsel that their requested charges were inconsistent, and defense counsel acceded to the court's suggestion and withdrew their self-defense request without any objection.[3]

4. Appellant argues that, notwithstanding the voluntary withdrawal of his request to instruct on self-defense, the trial court violated his federal due-process rights by failing to spontaneously charge on self-defense because, he asserts, self-defense was the sole defense that his testimony established. We will first consider this argument with respect to appellant's conviction for the malice murder of Tony Bernard Ashley, and then with respect to his conviction for the aggravated assault of Marian Gail Smith.

5. We find no error regarding the lack of a charge on self-defense as a defense to malice murder. Appellant testified that when he fired the first shot (the shot that struck and killed Ashley) he felt that his life was in jeopardy; that he shot as a "warning" to "scare" his wife

---

[3] We do not address whether the trial court was correct to suggest that the defenses were inconsistent.

into stopping the car; and that he was not angry and did not intend to hit or hurt anybody.

We conclude that this testimony was evidence in support of the defense of accident, since

> [a]ppellant did not state that the gun was fired accidentally, but rather that the bullet which was deliberately fired struck the victi[m] by misfortune or accident. . . . Where a bullet is deliberately fired and strikes a target which it was not intended to hit, the defendant may be found not guilty of murder on the basis that the death was due to an accident or misfortune. The evidence in this case would have permitted such a finding, since appellant specifically stated that he did not deliberately aim at or intend to shoot the victi[m], but rather intended to miss them. [*DeBerry v. State*, 241 Ga. 204, 206 (2) (243 SE2d 864) (1978).]

Moreover, we find no support in appellant's testimony for the defense of self-defense, as he nowhere testified that he intended to hit Ashley (or anyone else in the vehicle). Accordingly, as there was no evidence of self-defense,[4] the trial court did not err by failing to instruct spontaneously on that principle. *Gladson v. State*, 253 Ga. 489, 491 (2) (322 SE2d 45) (1984).

6. We next consider the failure to charge self-defense as a defense to the aggravated assault of appellant's wife, Marian Gail Smith.

We find that a charge on self-defense was authorized by appellant's testimony. Under the wording of the indictment, the jury could have found appellant guilty of aggravated assault of his wife by virtue of either of the two shots he fired. Regarding the first shot, the testimony that we have summarized in the preceding division of this opinion established some evidence of self-defense. Appellant's testimony concerning the second shot was likewise sufficient to authorize a self-defense charge, as appellant said that he fired the shot as a "warning" to make his wife stop the vehicle, because (according to him) his wife was backing the vehicle toward him and he thought she was trying to run him over.

7. As we have found that a self-defense instruction regarding aggravated assault was authorized by evidence presented at trial, did the court err by failing to give the charge spontaneously?

We find no error. Appellant's trial counsel acquiesced to the court's suggestion, chose the accident request, and withdrew the self-

---

[4] We note that appellant does not contend that, outside of his own testimony, there is any evidence of self-defense concerning the murder, and our review of the record has uncovered none.

defense request, all without objection. Appellant therefore is barred from complaining of the court's failure to charge on self-defense as a defense to aggravated assault. *Edwards v. State*, 235 Ga. 603 (3) (221 SE2d 28) (1975).

8. Appellant contends that his trial counsel were ineffective for agreeing to withdraw the request to charge on justification. Because this issue was not addressed by the trial court, we remand this case to the trial court to consider the claim.[5]

*Judgment affirmed in part and remanded in part. All the Justices concur, except Weltner and Hunt, JJ., who concur in the judgment only.*

DECIDED JULY 3, 1990.

*L. David Wolfe & Assoc., L. David Wolfe,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.

---

[5] We draw to the trial court's attention the possibility that this issue was procedurally defaulted by appellate counsel (who began representing appellant before he filed his notice of appeal) or by previous counsel (who represented appellant after his trial counsel withdrew from representation). Because the record is not complete enough for this Court to determine whether there was a procedural default, we leave the development of the record in this regard to the trial court, and do not address it in this appeal.