## S91A0952. RYAN v. THOMAS.
(409 SE2d 507)

CLARKE, Chief Justice.

Petitioner Steve Ryan was convicted of numerous crimes including armed robbery and kidnapping. At trial he was represented by a public defender from the Fulton County Public Defender's Office (Public Defender's Office). His motion for new trial was filed by a second public defender from the Public Defender's Office, and a third attorney from this office represented him on direct appeal.

Following the affirmance of his appeal, *Ryan v. State*, 191 Ga. App. 477 (382 SE2d 196) (1989), Ryan filed a pro se habeas corpus petition, maintaining that his trial counsel had rendered ineffective assistance. At the hearing on this petition, Ryan's appellate counsel testified that prior to filing Ryan's appeal, he evaluated potential claims of ineffective assistance of trial counsel, but determined that any such claims would be without merit. The habeas court concluded that since the ineffective assistance claim was not raised on direct appeal, it was procedurally barred under *Black v. Hardin*, 255 Ga. 239 (336 SE2d 754) (1985).

We granted Ryan's application for probable cause to determine whether, as a matter of law, a pro se petitioner is procedurally barred from raising the issue of ineffective assistance where this issue is not raised on direct appeal, and both trial and appellate counsel are members of the same public defender's office.

In *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991), we were faced with a similar issue. In that case one attorney was appointed by the court to represent the petitioner at trial. A second attorney, not professionally related to the first, was appointed to represent the petitioner on appeal. Following the affirmance of his conviction, the petitioner filed a pro se habeas petition in which he alleged that his trial counsel had been ineffective. We noted that ineffective assistance claims are often entertained for the first time on habeas corpus where a petitioner has had only one attorney throughout his legal proceedings because "an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness." 261 Ga., supra at 32. However, we held that where there is *new* counsel appointed or retained, he must raise the ineffectiveness of previous counsel at the first possible instance in the legal proceedings. Thus, in *White*, the claim of ineffectiveness of trial counsel was waived because appellate counsel had failed to raise it.

Were we to look no further than the rule set out in *White*, we would agree that Ryan's claim is procedurally barred because the second attorney from the Public Defender's Office who represented Ryan on motion for new trial failed to raise an ineffective assistance claim. However, in this case, unlike in *White*, all three attorneys involved in

the various stages of Ryan's legal proceedings were attorneys with the same Public Defender's Office.

As stated above, we noted in *White* that an attorney cannot reasonably be expected to assert his or her own ineffectiveness. Likewise, it would not be reasonable to expect one member of a law firm to assert the ineffectiveness of another member, where one represented a defendant at trial and the other represented him on motion for new trial or appeal. On the other hand, a member of a law firm may not by his or her failure to raise an ineffective assistance claim against a fellow member of his firm bar the rights of a defendant to ever raise that issue. To hold otherwise would permit one member of the firm to shield his fellow member against accusations of ineffectiveness at the expense of the rights of the defendant. This the courts cannot allow. See, e.g., *First Bank &c. Co. v. Zagoria*, 250 Ga. 844 (302 SE2d 674) (1983); *Roper v. State*, 258 Ga. 847 (1) (a) (375 SE2d 600) (1989).

Regardless of whether an attorney has been appointed to act for the client or retained by the client, the client is entitled to fidelity from the attorney and every member of the attorney's law firm. To that end we hold that attorneys in a public defender's office are to be treated as members of a law firm for the purposes of raising claims of ineffective assistance of counsel. As such different attorneys from the same public defender's office are not to be considered "new" counsel for the purpose of raising ineffective assistance claims under *White v. Kelso*, supra. Therefore, a defendant's right to raise such a claim may not be barred by the failure of a succession of attorneys from the same public defender's office to raise it.

This case is remanded to the habeas court for a determination of the merits of Ryan's ineffective assistance of counsel claims.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED OCTOBER 18, 1991 —
RECONSIDERATION DENIED NOVEMBER 7, 1991.

Steve Ryan, *pro se.*
*Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.