## S92A0750. SMITH v. THE STATE.
(422 SE2d 173)

BENHAM, Justice.

Appellant's convictions for malice murder, aggravated assault, and possession of a firearm by a convicted felon were affirmed by this court in *Smith v. State*, 260 Ga. 274 (393 SE2d 229) (1990). We remanded the case to the trial court to consider whether trial counsel rendered ineffective assistance of counsel by agreeing to withdraw a charge on justification, and we noted that the issue of ineffectiveness may have been procedurally defaulted by appellate counsel. Id., Division 8. This appeal follows the trial court's determination that appellant waived his right to assert that his trial counsel was ineffective.

Appellant's trial counsel were relieved of their duties shortly after trial. Appellant's former appellate counsel filed a motion for new trial which was denied on July 20, 1989. Twenty-two days later, the trial court determined that trial counsel had withdrawn a requested charge on justification. That same day, appellant's present counsel filed a motion for reconsideration of the denial of the motion for new trial, asserting for the first time that trial counsel were ineffective for withdrawing their requested charge on justification. Seven days later, present counsel filed a timely notice of appeal from the denial of the motion for new trial, which notice served as the basis for appellant's

initial appeal. *Smith v. State*, supra.[1]

On remand from this court, the trial court ruled that appellant had waived his right to assert the ineffectiveness of his trial counsel because he failed to request an evidentiary hearing on the issue in the trial court. See *Ray v. State*, 259 Ga. 868 (12) (389 SE2d 326) (1990). After reviewing the record in this case, we conclude that the merits of appellant's claim of ineffectiveness must be addressed.[2]

> [T]he burden is on the defendant claiming ineffective-ness of counsel to establish (1) his attorney's representation in specified instances fell below "an objective standard of reasonableness" *and* (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 695-96 (104 SC 2052, 80 LE2d 674) (1984). [Cit.] [*Bowley v. State*, 261 Ga. 278, 280 (4) (404 SE2d 97) (1991).]

In *Smith*, supra, we concluded that there was no evidence to support a jury instruction on justification as a defense to the charge of malice murder, but that appellant's testimony authorized a charge on justification as a defense to the aggravated assault charge. See 260 Ga. 274 (5) and (6). While the withdrawal of the requested charge on justification, the giving of which was supported by the evidence, was unauthorized, in view of the evidence[3] that appellant fired at his wife's car as she was driving away, and the jury's conclusion that appellant was guilty of malice murder with regard to the first shot appellant fired into the car, we conclude that appellant has failed to show a reasonable probability that the result of the proceeding was any different due to the withdrawal of the request to charge on justification. See *Allen v. State*, 260 Ga. 147 (5a) (390 SE2d 848) (1990). Accordingly, appellant failed to carry his burden of showing ineffective assistance of counsel.

*Judgment affirmed. Clarke, C. J., Hunt and Fletcher, JJ., concur; Bell, P. J., and Sears-Collins, J., dissent.*

BELL, Presiding Justice, dissenting.

I write this dissenting opinion in order to explain two points in

---

[1] The motion for reconsideration was never ruled upon by the trial court.

[2] We recognize that footnote 5 in our initial *Smith* opinion probably played a significant role in the trial court's determination that appellant had waived the issue of ineffective assistance. Upon further review of the record during appellant's second appeal, we believe the fairer approach is to resolve the merits of appellant's assertion of ineffective assistance of counsel.

[3] See *Smith v. State*, supra, Divisions 1, 5 and 6.

which I disagree with the opinion of this Court.

1. After appellant's motion for new trial was denied, appellant's appellate counsel moved for reconsideration of the motion, contending for the first time that trial counsel had been ineffective, but appellant's counsel did not request an evidentiary hearing on that issue. The opinion of this Court holds that the failure to request an evidentiary hearing did not operate as a waiver, because "[u]pon further review of the record during appellant's second appeal, we believe the fairer approach is to resolve the merits of appellant's assertion of ineffective assistance of counsel," majority opinion, p. 481.

However, I believe that this Court should articulate, as part of an integrated approach to the problem of waiver of ineffectiveness claims, its grounds for finding that resolution of the merits of the claim in this case is "the fairer approach." In a number of recent cases this Court has spent much effort explaining under what circumstances the failure to seek review of an ineffectiveness claim in the trial court will operate as a waiver of that claim. See, e.g., *Thompson v. State*, 257 Ga. 386, 387-388 (2) (359 SE2d 664) (1987); *Porter v. State*, 258 Ga. 94, 96 (2) (365 SE2d 438) (1988); *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988); *Johnson v. State*, 259 Ga. 428, 429-430 (3) (383 SE2d 115) (1989); *Ray v. State*, 259 Ga. 868, 870 (12) (389 SE2d 326) (1990); *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991); *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991); *Ryan v. Thomas*, 261 Ga. 661 (409 SE2d 507) (1991); *Black v. State*, 261 Ga. 791, 797-798 (19) (410 SE2d 740) (1991); *Yizar v. State*, 262 Ga. 33 (2) (413 SE2d 448) (1992). In particular, in *Ray v. State*, supra, 259 Ga. at 870 (12), we held that

> although appellant's appellate counsel raised this issue [of ineffectiveness] in the amended motion for new trial, there is no indication that appellate counsel requested an evidentiary hearing, and none was held. Because Ray's appellate counsel did not request an evidentiary hearing, we hold that Ray has waived his claim of ineffectiveness. *Dawson v. State*, 258 Ga. 380, 381 (2) (369 SE2d 897) (1988). [Fn. omitted.]

The opinion of the Court in this case, by failing to explain how the present case is distinguishable from *Dawson* and *Ray*, creates the potential for confusion among bench and bar. Moreover, it appears that this Court is applying a new, ad hoc standard which we have devised for the purposes of this case.

2. The opinion of this Court finds that appellant failed to carry his burden "to show a reasonable probability that the result of the proceeding was any different due to the withdrawal of the request to charge on justification. See *Allen v. State*, 260 Ga. 147 (5a) (390 SE2d

848) (1990)," majority opinion, p. 481. As its basis for this conclusion, this Court points to two factors: "the evidence that appellant fired at his wife's car as she was driving away, and the jury's conclusion that appellant was guilty of malice murder with regard to the first shot appellant fired into the car," majority opinion, p. 481, and appears to apply the test of *Allen*, supra, 260 Ga., to those factors.

However, my analysis of this case shows that it is wholly unlike *Allen*, where there was

> evidence of frequent quarrels between Allen and his wife [the victim]. The fatal weapon was a kitchen knife with a rounded tip, which penetrated 2 1/2 inches into the victim's neck. Allen stated that while he was holding the knife to the victim's throat, she stepped against it, whereupon by accident it pierced her throat. After the stabbing, Allen notified neither law enforcement nor medical personnel, but with the assistance of a friend, threw the body into a well. Allen showed no remorse, and laughed when he told his friend about his wife's death. He removed the valuables from his wife's purse before disposing of it, and later denied knowledge of her whereabouts. [*Allen*, supra, 260 Ga. at 147.]

Moreover, there was also evidence that "Allen held the knife at the victim's throat and admonished her: 'I could kill you.'" *Allen*, supra, 260 Ga. at 149. We held that although Allen would have been entitled to an accident charge if he had requested one, "*in view of the strong evidence against him, and of the improbability* that the victim would thrust herself upon a blunt-tipped knife with such force as to cause the knife to penetrate her body a depth of 2 1/2 inches," Allen had failed to show that there was a reasonable probability that the result of the trial would have been different if the court had charged on accident. Id. (Emphasis supplied.)

In the present case, the conviction for aggravated assault could have been based upon either the first or the second shot fired by appellant, *Smith v. State*, 260 Ga. 274, 277 (6) (393 SE2d 229) (1990), and we therefore must examine the strength of the evidence in favor of appellant's defense of self-defense as to both shots. If there is a reasonable probability that the result of the trial would have been different as to either shot if the court had charged on self-defense, then the conviction for aggravated assault must be reversed.

As to the first shot, "[a]ppellant testified that when he fired the first shot . . . he felt that his life was in jeopardy; that he shot as a 'warning' to 'scare' his wife into stopping the car; and that he was not angry and did not intend to hit or hurt anybody." *Smith*, supra, 260 Ga. at 276 (5). The opinion of this Court now cites the fact that the

jury returned a verdict of malice murder regarding the same shot, and appears to find that that verdict rendered less likely the prospect that the jury could, if instructed on self-defense, have returned an acquittal as to the aggravated assault based on the first shot. I do not agree with the Court in this regard, as I do not see how the verdict in the absence of an instruction on self-defense indicates what the jury might have done if it had been given such an instruction.

As to the second shot, "appellant said that he fired the shot as a 'warning' to make his wife stop the vehicle, because (according to him) his wife was backing the vehicle toward him and he thought she was trying to run him over." Id. at 277 (6). The opinion of the Court points to the evidence that the wife was actually driving away from appellant when he fired the second shot, apparently to show that that evidence was so strong that it rendered improbable an acquittal as to aggravated assault based on the second shot in the event the court had instructed on self-defense. I disagree, since appellant's testimony was not nearly as weak as Allen's, and since the evidence contradicting appellant's testimony, while strong, was not overwhelming.

Since the opinion of this Court does not give any tenable reason for concluding that appellant failed to show a reasonable probability that the result of the trial as to aggravated assault would have differed had the court charged on self-defense as to that crime, and since my own review of this case leads me to believe that appellant met his burden, I would hold that he is entitled to a new trial as to the conviction for aggravated assault.

SEARS-COLLINS, Justice, dissenting.

I agree with Presiding Justice Bell's conclusion that, as to the second shot, the evidence contradicting appellant's testimony was not overwhelming. See Presiding Justice Bell's dissent, pp. 481-484. For this reason, I dissent to the majority opinion.

DECIDED OCTOBER 29, 1992.

*L. David Wolfe & Associates, L. David Wolfe*, for appellant.

*Lewis R. Slaton, District Attorney, Doris L. Williams-McNeeley, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney*, for appellee.