## S94A0152. SUMRALL v. THE STATE.
### (442 SE2d 246)

HUNT, Chief Justice.

Ammon Sumrall was convicted of felony murder, three counts of armed robbery, burglary, three counts of aggravated assault, impersonating a public officer, and possession of a firearm during the com-

mission of a crime.[1] He appeals, urging numerous errors. We affirm as to all convictions and sentences except that with respect to burglary, which we vacate.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sumrall contends that the trial court erred in imposing a 20-year sentence for the burglary conviction since this conviction, as the underlying felony in the felony murder conviction, should have merged with the felony murder conviction. We agree. A defendant may not be convicted of felony murder and also be convicted of the underlying felony which was alleged by the indictment to support the felony murder conviction. *Zackery v. State*, 257 Ga. 442 (360 SE2d 269) (1987).

3. Sumrall's remaining enumerations of error are without merit.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MAY 2, 1994.

*Zion, Tarleton & Siskin, Jonathan J. Wade,* for appellant.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Gregory A. Adams, Robert E. Statham III, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Assistant Attorney General,* for appellee.

---

[1] The crimes occurred on April 7, 1991. On October 5, 1992, Sumrall was found guilty of felony murder, with burglary as the underlying felony, three counts of armed robbery, burglary, three counts of aggravated assault, impersonating a public officer, and possession of a firearm during the commission of a crime. He was sentenced to life in prison for the felony murder; a consecutive life sentence on one of the armed robbery convictions; concurrent life sentences on the other two armed robbery convictions; a concurrent twenty-year sentence on the burglary conviction; three concurrent ten-year sentences on the aggravated assault convictions; a concurrent five-year sentence on the conviction for impersonating an officer; and a consecutive five-year sentence on the conviction for possession of a firearm during the commission of a crime. Motion for new trial was filed on November 2, 1992, and denied on September 7, 1993. Sumrall filed his notice of appeal in this Court on September 21, 1993. The appeal was docketed on October 28, 1993, and submitted for decision on briefs on December 13, 1993.