S95A0133. WILLIAMS v. THE STATE.
(455 SE2d 836)

BENHAM, Presiding Justice.

Appellant Cedric Williams was convicted of the malice murders of his former mother-in-law, father-in-law, grandmother-in-law, the felony murder of his former wife's child, and arson in the first degree.[1] He appeals, contending the evidence was insufficient to authorize the convictions, that his trial counsel did not render effective assistance, and that the jury erroneously rejected a verdict of guilty but mentally retarded.

1. The State presented evidence that two deliberately-set fires destroyed the home of Betty and Abraham Jones in the early morning hours of September 8, 1992. The bodies of Mrs. Jones and her mother were found on the home's kitchen floor, and each woman had suffered 19 stab wounds to her neck, chest, abdomen, and back. Mr. Jones' charred body had 11 stab wounds about the neck and chest and was found on his bed. The Joneses' grandchild died from smoke inhalation in her bedroom. The lack of carbon soot staining the airways of the stabbing victims and an insignificant amount of carbon monoxide in their blood caused the medical examiner to conclude that the three older victims died from their stab wounds rather than from the effects of the fire. Appellant's former wife testified that she had separated from appellant and returned to her parents' home sometime before the crimes occurred. Neighbors testified that they had seen appellant watching the Joneses' home and muttering to himself during the day before the fire, and others saw him walking or driving away from the home shortly before the fire was discovered. Others testified of appellant's recent bouts of anger and violence directed at the Joneses' home because he believed his wife was seeing another man. The jury was shown photographs of appellant's back, shoulder, and right forearm taken within hours after the fire. The photos showed scratches that the medical examiner testified were of recent vintage

---

[1] The crimes occurred on September 8, 1992, and appellant was indicted on September 28. His five-day trial culminated in the guilty verdicts on November 12, 1993, and he was sentenced to four consecutive life sentences and a consecutive twenty-year sentence. His motion for new trial, filed December 10, 1993, and amended July 14, 1994, was denied August 25. In a separate order entered the same day, the trial court vacated appellant's conviction and sentence for arson since it was the underlying felony of the felony murder conviction. *Sumrall v. State*, 264 Ga. 148 (442 SE2d 246) (1994). Appellant's notice of appeal was filed September 22, 1994, and the appeal was docketed in this court on October 11. The case was submitted for decision on briefs.

and were consistent with fingernail scratches. Material scraped from the underside of the stabbing victims' fingernails underwent DNA testing which determined that the genetic makeup of appellant and of the material had the same combination of "markers." Expert testimony revealed that one person in 5,600 had the same combination. We conclude that the evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In the amended motion for new trial, appellate counsel asserted that trial counsel had not rendered effective assistance of counsel at trial. After a hearing, the trial court entered an order in which each assertion of ineffective assistance was addressed. The trial court found the assertions to be factually inaccurate,[2] or constitutionally permissible legal choices.[3] We agree with the trial court's conclusion that appellant did not present evidence that trial counsel's performance was outside the range of professionally competent assistance, and that appellant was prejudiced by trial counsel's conduct. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

3. Lastly, appellant maintains the jury erred when it did not return a verdict of guilty but mentally retarded. Appellant had the burden of proving mental retardation beyond a reasonable doubt. OCGA § 17-7-131 (c) (3). *Burgess v. State*, 264 Ga. 777 (36) (450 SE2d 680) (1994). The psychologist who examined appellant testified that the intelligence test he administered to appellant resulted in a score reflecting mild mental retardation, but that an individual could not be "positively" classified as mentally retarded on the basis of the score alone. As appellant did not prove mental retardation beyond a reasonable doubt, the jury's verdict reflecting the failure to meet the evidentiary requirement was authorized.

*Judgment affirmed. All the Justices concur.*

---

[2] Trial counsel did present evidence that purported witnesses were under the influence of crack cocaine and/or alcohol the night of the crimes; a suggestion that appellant received the scratches while removing trees was placed before the jury; trial counsel did not give witness statements to appellant because trial counsel did not receive copies from the State; fingerprint evidence could not be obtained from a bloody smear; evidence appellant wanted suppressed was never used against him; appellant had not spoken to an investigator who appellant thought would testify that one person could not have committed the crimes; trial counsel's cross-examination of some witnesses suggested that the witnesses were testifying against appellant in order to help themselves in their criminal cases; and there was no evidence to suggest another witness was lying.

[3] Appellant did not suggest grounds for the exclusion of evidence he thought should have been suppressed; an independent geneticist concurred with the DNA findings and testing methodology, making exclusion unlikely; trial counsel adequately investigated the case and consulted with appellant regarding jury selection; and there was no need for a change in venue or for trial counsel to voice objections to the State's closing argument.

DECIDED APRIL 17, 1995.

*L. Elizabeth Lane*, for appellant.

*Charles H. Weston, District Attorney, Laura D. Hogue, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General*, for appellee.