### A95A0025. BOYETTE v. THE STATE.
(458 SE2d 397)

BEASLEY, Chief Judge.
Boyette was charged with two counts of rape, aggravated sodomy

and burglary. Following a hearing, the trial court determined Boyette was competent to stand trial. Represented by a public defender, Boyette entered a negotiated plea of guilty but mentally ill to one count of rape and burglary. He received the recommended sentences of life in prison for rape and 20 years concurrent for burglary. The appeal is from the order denying Boyette's motion to withdraw his plea of guilty.

1. Boyette challenges the trial court's refusal to appoint counsel not employed by the public defender's office to represent him at the hearing on his motion to withdraw the guilty plea. Relying on *Ryan v. Thomas*, 261 Ga. 661, 662 (409 SE2d 507) (1991), he argues that a conflict of interest required appointment of a private attorney to assert a claim of ineffective assistance of counsel by a member of the same office. He does not allege with any particularity how counsel was constitutionally ineffective with respect to *entry* of the plea, but merely states that another attorney would have more fully developed the factual basis supporting *withdrawal* of the plea. Appellant does not explain why the office which handled the plea cannot present its underlying factual basis or deficiencies. As to the particularities of ineffectiveness urged below, they relate primarily to the effectuation of the sentence, and the trial court properly resolved them.

There is no doubt that "[d]efense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler v. Sullivan*, 446 U. S. 335, 346 (100 SC 1708, 64 LE2d 333) (1980). On the matter of appointed counsel, "[t]he choice . . . is a matter governed by the trial court's sound exercise of discretion and will not be disturbed on appeal unless [that discretion is] abused." *Davis v. State*, 261 Ga. 221, 222 (403 SE2d 800) (1991).

Before the hearing on the motion to withdraw the plea, Boyette's counsel, a member of the public defender's office, alerted the court that she perceived a conflict of interest in asserting the ineffectiveness of a former colleague in the office and requested appointment of an independent attorney. The court heard argument and, relying on *Jefferson v. State*, 209 Ga. App. 859, 861-862 (434 SE2d 814) (1993), denied the request. In *Jefferson*, a pending ineffectiveness claim based on counsel's pretrial performance created no conflict of interest relevant to the issues addressed at sentencing. Accordingly, the court held there was no valid reason for Jefferson to discharge trial counsel and demand appointment of a different attorney for resentencing.

Neither *Ryan* nor the federal constitution, invoked by appellant, demands a different result in this case. The Supreme Court in *Ryan* addressed whether a defendant was procedurally barred from raising an effectiveness claim in a habeas corpus action when he had been represented at trial by a public defender, on motion for new trial by a

second public defender, and on direct appeal by a third attorney, also a public defender in the same office, both of whom failed to complain of trial counsel. The court stated, "[I]t would not be reasonable to expect one member of a law firm to assert the ineffectiveness of another member," *Ryan*, supra at 662, and held that "attorneys in a public defender's office are to be treated as members of a law firm for purposes of raising claims of ineffective assistance of counsel." Id.

Unlike the public defender in *Ryan*, the public defender who negotiated Boyette's guilty plea was no longer employed by the public defender's office when the motion to withdraw the plea was heard. Secondly, on appeal to this court Boyette's attorney, yet a third member of the public defender's staff, acknowledged during oral argument that the office itself budgets funds to employ outside counsel in conflict cases; if the need for such were indicated, it would have been done without intervention by the court. Thirdly, as noted earlier, only a bald assertion of ineffectiveness is made. This does not give rise to a right to appointment by the court of other counsel to pursue the assertion. With these facts in mind, we conclude that it was not an abuse of discretion for the court to deny Boyette's request for appointment of a different attorney to represent him.

2. Boyette next enumerates as error the denial of his motion to withdraw the guilty plea because it was not knowing and voluntary since he was not competent when it was entered. The record shows that the issue of competence to stand trial was fully litigated in a bench trial. The plea transcript further shows that Boyette's plea was voluntarily and intelligently entered in open court, with the assistance and advice of counsel. "Whether to allow the withdrawal of a voluntary, intelligently entered guilty plea after the pronouncement of sentence remained within the sound legal discretion of the trial court. [Cit.]" *Paino v. State*, 209 Ga. App. 87, 88 (432 SE2d 599) (1993). There was no abuse of that discretion.

Georgia law provides that a person convicted pursuant to a plea of guilty but mentally ill must be evaluated "by a psychiatrist or a licensed psychologist from the Department of Human Resources after sentencing and prior to transfer to a Department of Corrections facility." OCGA § 17-7-131 (g) (1). The statute further provides for an inmate to be transferred from a penal facility to the Department of Human Resources whenever such a transfer "is psychiatrically indicated for [treatment of] his mental illness." OCGA § 17-7-131 (g) (3). Boyette's testimony at the hearing on withdrawal of the plea was to the effect he is dissatisfied with the treatment he has received for his mental illness while incarcerated. A motion to withdraw a guilty plea is not a proper vehicle to pursue a claim for alleged noncompliance with OCGA § 17-7-131.

The trial court's order is well-reasoned and deals appropriately

with all the issues. Appellant shows no grounds for its reversal.
*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 14, 1995.

*Jill L. Anderson, Elizabeth A. Geoffroy*, for appellant.
*David McDade, District Attorney*, for appellee.