## S98A0566. PITTMAN v. THE STATE.
(499 SE2d 62)

CARLEY, Justice.

A jury found John Pittman guilty of the malice murder of Mary Nell Traylor. After entering a judgment of conviction on the jury's guilty verdict, the trial court sentenced Pittman to life imprisonment. Pittman filed a motion for new trial, which the trial court subsequently denied. Pittman appeals, enumerating as error only the general grounds.[1]

Although she was married to another man, Ms. Traylor was Pittman's occasional live-in girl friend. A neighbor saw Pittman stabbing Ms. Traylor repeatedly. Pittman was arrested shortly after the homicide and, at that time, acknowledged stabbing Ms. Traylor. In his subsequent in-custody statement, he also admitted that he confronted Ms. Traylor in anger and stabbed her. Based upon the testi-

---

[3] S. Rep. No. 103-361 at 1 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3259.

[4] S. Rep. No. 103-361 at 4 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3259.

[1] The homicide occurred on August 1 or 2, 1993 and the grand jury indicted Pittman on June 8, 1995. On October 24, 1995, the jury returned its guilty verdict. On that same day, the trial court entered the judgment of conviction and imposed the life sentence. Pittman filed his motion for new trial on November 14, 1995 and the trial court denied that motion on November 17, 1997. Pittman filed his notice of appeal on December 8, 1997 and the case was docketed in this Court on December 30, 1997. The case was submitted for decision on February 23, 1998.

mony of a psychiatrist who had treated both Ms. Traylor and Pittman, the trial court charged the jury on voluntary manslaughter as a possible lesser included offense and on "guilty but mentally ill" and "guilty but mentally retarded" as possible verdicts. The jury was not required to base its verdict upon the testimony of Pittman's psychiatrist, but was authorized to find the existence of Pittman's criminal intent from the words, conduct, demeanor, motive and other circumstances connected with his stabbing of Ms. Traylor. *Brannon v. State*, 266 Ga. 667, 668 (469 SE2d 676) (1996). The appropriate standard of appellate review is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found that Pittman failed to meet the burden of proving his mental illness or mental retardation at the time of the crime. See *Keener v. State*, 254 Ga. 699, 701 (1) (334 SE2d 175) (1985). Pittman could meet that burden only by evidence showing his mental illness or mental retardation beyond a reasonable doubt. OCGA § 17-7-131 (c) (2, 3); *Burgess v. State*, 264 Ga. 777, 786 (23) (450 SE2d 680) (1994). A review of the record shows that the evidence was sufficient to authorize a finding that Pittman failed to prove beyond a reasonable doubt that he was mentally ill or mentally retarded at the time of the homicide, and also was sufficient to authorize a rational trier of fact to find that the State met its burden of proving Pittman's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 265 Ga. 351, 352 (3) (455 SE2d 836) (1995); *Stripling v. State*, 261 Ga. 1, 4 (3) (a, b, c) (401 SE2d 500) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1998.

*Johnny B. Mostiler,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.