Joseph O. SMIZER, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 88-278.

Supreme Court of Wyoming.

Oct. 28, 1988.

Joseph O. Smizer, pro se.

Joseph B. Meyer, Atty. Gen., and John W. Renneisen, Deputy Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

Appellant was convicted of first degree murder in April 1987, and his conviction was affirmed in this court. *Smizer v. State*, 752 P.2d 406 (Wyo.1988).

On July 14, 1988, appellant filed a petition for post-conviction relief in the district court pursuant to W.S. 7-14-101, et seq. In addition to the relief asked for in the petition, appellant sought the appointment of counsel to assist him in handling the matter. The State filed a motion to dismiss and objected to the appointment of counsel. The district court entered an order dismissing the petition and denying appointment of counsel on September 1, 1988. Appellant filed his notice of appeal on September 15, 1988, and the appeal was docketed in this court on October 25, 1988.

This matter came before the court on its own motion in connection with a consideration of jurisdiction of this court to hear the appeal. We conclude that we do not have jurisdiction and, therefore, dismiss the appeal.

On June 9, 1988, the most recent amendments to the post-conviction relief statutes became effective. W.S. 7-14-107 provides that any final judgment or order entered upon a petition for post-conviction relief may be reviewed by the supreme court on writ of certiorari upon the petition of either party pursuant to the Wyoming Rules of Appellate Procedure. This statute precludes review of the district court's order in this case by way of appeal and requires that review, if any, be had by way of petition for writ of certiorari. We intend to require strict adherence to this procedural requirement. Final judgments or orders of a district court entered upon petitions filed pursuant to W.S. 7-14-101, et seq., will be considered in this court only if in the form required by Rule 13, W.R.A.P. Such petitions may be accompanied by a request that counsel be appointed.

Appellant also filed a motion for extension of time in which to file a petition for writ of certiorari. There is no time

limit on the filing of such a writ,[1] such as the fifteen-day limitation on the filing of a notice of appeal, and therefore the motion is unnecessary and we deny it. In addition, appellant filed a motion for appointment of counsel to assist him in the preparation of a petition for writ of certiorari. W.S. 7-14-104 provides the basis for both the district court and this court to grant motions for appointment of counsel in post-conviction matters. We will not consider a motion for appointment of counsel in a case such as this unless a petition for writ of certiorari which merits the appointment of counsel has been filed with this court. Therefore, we deny the motion to appoint counsel.

This court does not have jurisdiction to hear this appeal, and it is therefore dismissed.

URBIGKIT, Justice, dissents without opinion.

---

1. The only time limitation for filing a petition for writ of certiorari is that found in Rule 13.02, W.R.A.P., which applies only to an "order, decision, or opinion of the district court in its appellate capacity."