594 So.2d 352 (1992)
LeRoy G. HARLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00407.
District Court of Appeal of Florida, Second District.
March 6, 1992.
PER CURIAM.
LeRoy Harley appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Harley, who is serving an enhanced sentence for strong-arm robbery, contends that his trial attorney provided ineffective assistance. A host of grievances is included in the motion, ranging from the colorable to the absurd. Apart from the single exception discussed below, we conclude that Harley's motion was appropriate for summary denial, and affirm the order of the circuit court.
*353 The sole claim meriting further consideration is Harley's allegation that trial counsel was given the name of one or more alibi witnesses, but failed to investigate or present this valid defense. If true, this could constitute ineffective assistance. Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987). The trial court's order states that it was a "tactical decision" not to use alibi witnesses. Certainly defense counsel is entitled to broad discretion regarding trial strategy. However, such a finding generally is inappropriate without an evidentiary hearing. Instead, counsel should be heard from, and if necessary cross-examined, as to whether a decision truly was "tactical." See Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). We therefore remand for further proceedings regarding this one issue.
Affirmed in part, reversed in part, and remanded with instructions.
FRANK, A.C.J., and HALL and THREADGILL, JJ., concur.