Joseph O. **SMIZER**, Petitioner,

v.

The **STATE** of **Wyoming**, Respondent.

No. 90–261.

Supreme Court of Wyoming.

July 14, 1992.

---

Daniel G. Blythe of Blythe & Lewis, and Philip P. Whynott, Cheyenne, for petitioner.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., and Jennifer L. Gimbel, Sr. Asst. Atty. Gen., for respondent.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT,* and GOLDEN, JJ.

MACY, Chief Justice.

Petitioner Joseph O. Smizer seeks review of the district court's order dismissing his petition for post-conviction relief.

We affirm in part, reverse in part, and remand.

In this certiorari proceeding, Smizer raises the following issues:

I. Mr. Smizer's counsel on appeal was ineffective when she failed to raise the issue of the ineffective assistance of trial counsel to the Wyoming Supreme Court.

 A. The waiver issue of ineffective assistance of trial counsel.

 B. Appellate counsel had an avenue to raise the issue of ineffective assistance of counsel on appeal if in her professional judg[ ]ment it did not merit consideration.

 C. Conflict of interest[.]

 D. Was counsel ineffective on appeal if the issues are meritorious?

II. Was counsel ineffective at trial?

 A. Defense counsel's decision to stipulate that the State of Wyoming may introduce into evidence the bullet taken from the body of Marie Volcic, without establishing a chain of custody from the time that the bullet was removed from the body of Marie Volcic, until the time that the said bullet was introduced into evidence at trial against the petitioner's wishes constituted ineffective assistance of counsel in violation of the United States Constitution thereby denying petitioner a fair trial.

 B. Defense counsel's decision to stipulate that the State of Wyoming may introduce into evidence, the dental charts which were never identified as being a dental chart of Marie Volcic, against the petitioner's wishes constituted ineffective assistance of counsel in violation of the United States Constitution, thereby denying petitioner a fair trial.

 C. The defense counsel's decision to stipulate that the defense will not introduce any evidence whatsoever at any time during the trial of the above-captioned matter, including argument, that Michael Becker, former husband of Marie Volcic, was in any way responsible for the death of Marie Volcic, was against the petitioner's wishes and constituted ineffective assistance of counsel in violation of the United States Constitution thereby denying petitioner a fair trial.

 D. Defense counsel's decision not to call witnesses requested by petitioner denied him a fair trial and constituted ineffective assistance of counsel in violation of the United States Constitution, thereby denying petitioner a fair trial.

III. Requirement for an evidentiary hearing[.]

IV. District court findings[.]

V. Other issues which petitioner has requested that counsel raise and argue.

Smizer was convicted of first-degree murder for the killing of Marie Volcic. The details of that crime are reported in *Smizer v. State*, 752 P.2d 406, 406–07 (Wyo.1988). We affirmed his conviction on direct appeal. 752 P.2d at 406. On July 14, 1988, Smizer filed his first petition for post-conviction relief with the district court. After the district court denied relief, Smizer appealed. We dismissed that appeal, holding that appellate review of an order entered upon a post-conviction relief petition must be sought by a writ of certiorari. *Smizer v. State*, 763 P.2d 1254, 1254 (Wyo.1988). Smizer filed a petition for a writ of certiorari. This Court granted the petition and ordered the appointment of counsel.

We must determine if the record supports Smizer's claim of ineffective assistance of his trial counsel and whether his appellate counsel was ineffective for failing to raise that issue on appeal.

---

* Chief Justice at time of oral argument.

In reviewing a petition for post-conviction relief, this Court said:

> Before a person seeking post-conviction relief is entitled to an evidentiary hearing, he initially must present a substantial claim with specificity. A petitioner seeking post-conviction relief has the burden of showing that he has been denied constitutional safeguards.

*Alberts v. State*, 745 P.2d 898, 901 (Wyo. 1987) (citation omitted). A defendant cannot raise the issue of ineffective assistance of his *trial counsel* for the first time in a post-conviction proceeding because that issue could have been raised in the direct appeal. *Stogner v. State*, 792 P.2d 1358, 1360 (Wyo.1990); *Kallas v. State*, 776 P.2d 198, 199–200 (Wyo.1989). Despite this general "waiver" rule, we have also said that, because a claim of ineffective assistance of *appellate counsel* cannot be raised on direct appeal, the claim is not subject to the waiver rule. *Murray v. State*, 776 P.2d 206, 209 (Wyo.1989).

In order to prevent petitioners from circumventing the "waiver" rule altogether by claiming ineffective assistance of their appellate counsel, this Court has adopted a strict test for reviewing that claim. *Cutbirth v. State*, 751 P.2d 1257, 1266–67 (Wyo.1988). The issue of whether a counsel's performance was constitutionally deficient should be analyzed in much the same way that this Court has analyzed the concept of plain error.

> In submitting a claim of deficient representation by appellate counsel, the petitioner in the post-conviction proceeding must demonstrate to the district court, by reference to the record of the original trial without resort to speculation or equivocal inference, what occurred at that trial. The particular facts upon which the claim of inadequate representation by appellate counsel rests must be presented. The petitioner then must identify a clear and unequivocal rule of law which those facts demonstrate was transgressed in a clear and obvious, not merely arguable, way. Furthermore, the petitioner must show the adverse effect upon a substantial right in order to complete a claim that the performance of appellate counsel was constitutionally deficient because of a failure to raise the issue on appeal. The adverse effect upon a substantial right in the context of ineffective assistance of appellate counsel is shown by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* (citations omitted and quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)).

We examine these issues against the provisions of our post-conviction-relief statute, Wyo.Stat. § 7–14–103 (Supp.1991).[1]

 Smizer argues that his claim of ineffective assistance of his appellate counsel, for failure to raise the issue of ineffective assistance of his trial counsel, requires that an evidentiary hearing be held to determine whether his trial counsel rendered effective representation. We agree. Wyo. Stat. § 7–14–101(c)(i) (Supp.1991) merely

---

1. Section 7–14–103 provides in relevant part:

 (a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

 (i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;

 (ii) Was not raised in the original or an amendment to the original petition under this act; or

 (iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.

 (b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if:

 (i) The petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal; or

 (ii) *The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition.*

 . . . .

 (d) No petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered.

 (Emphasis added.)

permits the court to hold an evidentiary hearing in the event it deems a hearing is necessary. The statute does not require that a hearing be held in every case, as Smizer argues. *See also* Wyo.Stat. § 7–14–106(a) (Supp.1991). However, in rare cases such as this one, an evidentiary hearing is necessary when the court cannot adequately review the issues by relying upon the record alone. *Id.*

Smizer claims that his trial counsel was ineffective when he stipulated that the State could introduce into evidence the bullet taken from the victim's body without establishing a chain of custody. The pathologist identified the bullet at trial as being the one he removed from the body. The only custody not directly established was mailing the bullet to the Federal Bureau of Investigation's laboratory and back. Under *Cutbirth*, Smizer has not demonstrated an adverse effect upon a substantial right because he has not shown that, without the stipulation, a reasonable probability of a different result existed. *Cutbirth*, 751 P.2d at 1267. Smizer's defense entered into the stipulation in exchange for the State stipulating to the introduction of a Family Violence Protection Complaint and Order of Protection, without foundational copies, in the case of Marie F. Volcic versus Vincent M. Fernandez, her former husband. Smizer suffered no prejudice as a result of his trial counsel's decision to exchange stipulations. We cannot criticize his appellate counsel for not utilizing this argument as part of an ineffective-assistance-of-trial-counsel issue.

Smizer claims that the dental charts used to identify the victim's body were never established as being hers. He argues that, therefore, his trial counsel was ineffective for stipulating that the body found on May 12, 1986, was Marie Volcic's body. The dental charts were not introduced into evidence. The only mention of the dental charts was in a pathologist's testimony when he explained that he used the dental charts in identifying the body. Since the charts were not introduced before the jury, Smizer did not suffer prejudice. We cannot fault his appellate counsel's de-

cision not to raise this issue. Although Smizer did not expressly so state, he is really objecting to the stipulation regarding the identity of the body more than to the dental charts themselves. The record contains clear evidence supporting his trial counsel's decision to enter into that stipulation. If the stipulation had not been agreed to, the prosecutor could have introduced autopsy photographs of the partially decomposed, maggot- and beetle-infested body as a basis for the identification. Smizer's trial counsel's decision to stipulate rather than parade those photographs before the jury was not constitutionally substandard.

Smizer also contends that the stipulation agreeing not to mention the name of Michael C. Becker, another former husband of the victim, as an alternative culprit constituted substandard-trial-counsel performance. His trial counsel entered into this stipulation with Smizer's knowledge and consent as part of an exchange in which the prosecution agreed not to introduce evidence of armed robberies which Smizer may have been planning in Arizona when he was arrested on the Lincoln County warrant. His trial counsel made a reasonable tactical decision to enter into the stipulation.

Smizer's claim of prejudice regarding the "Becker" stipulation is particularly unpersuasive because he was present in chambers when the stipulation was discussed. Smizer consented to this stipulation expressly and on the record. This Court's function is not to second-guess court-supervised and on-the-record stipulations, especially when the petitioner consented. In addition, Smizer's trial counsel thoroughly cross-examined Fernandez, the victim's other former husband, about his past physical abuse of the victim. Thus, Smizer's trial counsel presented the alternative-culprit theory through Fernandez, but the jury rejected it. Smizer was not adversely affected by his trial counsel's decision.

Smizer claims that his trial counsel erred in not calling Ken Jones as a witness for the defense. He asserts that he transferred a pistol, which was the likely murder

weapon, to Jones sometime before the murder took place. He allegedly made this transfer on a sort-of-pawn basis by which Jones fronted bail money to Smizer and Smizer gave the pistol to Jones as collateral. At the trial, Phillip Josey, a witness for the State, corroborated this allegation to some extent by testifying that Smizer gave the .22 caliber pistol to Jones. Smizer maintains that the pistol was not returned to him.

Jones was not listed as a witness, and Smizer's trial counsel did not obtain a criminal history check on him as he had done with other potential defense witnesses. The case against Smizer was largely circumstantial since no witnesses to the murder existed. The incriminating circumstances included: The last time the victim was seen alive, she was with Smizer and he was carrying a gun; Smizer made prior threats and had been violent towards the victim; and he left his home without ever returning for his personal possessions, including his dog. Having possession of a gun of the same caliber and make as that which likely killed the victim was also a very incriminating circumstance. Any direct evidence refuting that very incriminating circumstance would have been helpful. Evidence that he did not continue to possess the gun at the relevant time would have been potentially exculpatory even without placing Jones at the murder scene. If there were sound reasons for not calling Jones as a witness, we are unable to discern them from the record. Since we are unable to determine from this record why Smizer's trial counsel made the decision not to call this witness, we in turn cannot determine whether it was ineffective for his appellate counsel to disregard this potential issue. An evidentiary hearing must be conducted to determine why his trial counsel did not call Jones as a witness and why his appellate counsel did not raise the issue.

Smizer asked his counsel in this proceeding to brief four additional issues.

*Issue No. 1:*

■ Smizer admitted during direct examination that in 1978 he was convicted of the crime of ex-convict in possession of a firearm in California. California's penalty for that crime at that time was imprisonment of not less than one year. 1976 Cal.Stat. ch. 1139, § 303.[2] Thus, the crime was a felony in both California and Wyoming. Smizer testified as to his extensive and lifelong criminal record, including felonies of driving under the influence with resulting injury to persons and possession of drugs in a jail setting. This item, even if it were erroneous, would not demonstrate an adverse effect upon a substantial right in view of the testimony concerning Smizer's criminal history.

*Issue No. 2:*

■ Smizer claims that the presentence report contained duplicate entries and overrepresented his prior criminal history. We have reviewed the report. Any duplication is easily recognizable. The district court considered multiple factors in imposing the sentence, and any slight error in the report did not prejudice Smizer. The transcript also demonstrates that the district judge was not misled by minor inconsistencies when he assessed Smizer's criminal history. Smizer's trial counsel pointed out inaccuracies in the presentence report and Smizer's disagreements with the report. After his trial counsel alerted the court of Smizer's objections to portions of the report, Smizer agreed that the remainder of the report was correct. Smizer suffered no adverse effect.

*Issue No. 3:*

■ Smizer contends that he told his trial counsel where to locate a gun which was introduced into evidence and that his trial counsel then reported this information to the prosecutor. Smizer fails to direct us to anything in the record which would support his claim and instead attempts to utilize speculation. *Cutbirth* requires Smizer to demonstrate to the court, by reference to the record, what occurred. 751 P.2d at 1266. The gun was not introduced into

---

**2.** This section is now Cal.Penal Code § 12021.1 (West 1982).

evidence. In fact, the record does not show that the gun had been found or that it was used against Smizer in any way. Smizer failed to show any adverse effect even if his claim concerning his trial counsel's conduct were proven to be true. This does not constitute an error.

*Issue No. 4:*

■ Smizer contends that his trial counsel should have attempted to strike the unfavorable testimony given by a witness because the testimony varied from a statement the witness gave to a prosecution investigator early in the investigation. This witness was thoroughly cross-examined on this point, which was Smizer's trial counsel's only option. No clear rule of law required that his trial counsel move to strike the testimony when inconsistencies appeared. No error exists.

Affirmed in part, reversed in part, and the issues of whether his trial counsel was ineffective for failing to call Ken Jones as a witness and whether his appellate counsel was ineffective for failing to raise the issue are remanded for an evidentiary hearing.

URBIGKIT, Justice, specially concurring.

This case continues the demonstration of improvidence proffered by this court's application of procedural default to issues of failure to raise ineffectiveness of counsel within the original appeal. *Engberg v. Meyer,* 820 P.2d 70, 115 (Wyo.1991); *Murray v. State,* 776 P.2d 206 (Wyo.1989); *Kallas v. State,* 776 P.2d 198 (Wyo.1989); *Amin v. State,* 774 P.2d 597 (Wyo.1989); *Cutbirth v. State,* 751 P.2d 1257 (Wyo. 1988). We add both complexity and confusion to resolve contentions that a properly conducted hearing in the first post-conviction appeal would have resolved. The cases are beyond count in number, but for illustration in state courts, see *State v. Valdez,* 160 Ariz. 9, 770 P.2d 313 (1989) and for the federal courts, see *United States v. Daniel,* 956 F.2d 540 (6th Cir.1992).

Having that continued concern, I write here to question confinement of the present remand hearing as the majority decision would direct. Simplistically, as this litigation has developed in context of a life sentence involved, this court does not have a properly developed factual record to assay any contended ineffectiveness issues. Consequently, I would leave for counsel and the trial court evidentiary issues and determination of what may be legally valid and what is factually established without predisposition as this decision does in most regards. I would remand for a hearing on contended ineffectiveness of counsel in trial and perforce appellate briefing and leave the original decision with the trial court to develop a record properly establishing whether on all contentions there is a viable issue presented of ineffectiveness of counsel. *Frias v. State,* 722 P.2d 135 (Wyo. 1986); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Consequently, I concur in remand for hearing, but would not predetermine the scope of the issues appellant might submit relating to his contention of ineffectiveness of trial counsel and subsequent ineffectiveness of appellate counsel in procedurally defaulting his constitutional right to the assistance of effective counsel. *Osborn v. Shillinger,* 861 F.2d 612 (10th Cir.1988).

I neither surmise nor determine that any viable issue can be factually developed, but alternatively I would leave responsibility for the litigants and would not, at this juncture, limit the issues that might be resolutely presented for trial court decision by this court's present fact finding decision. Initial fact finding and judicial decision should remain with the trial court where the evidence can be developed and effective and comprehensive legal argument provided. *Daniel,* 956 F.2d 540; *Harley v. State,* 594 So.2d 352 (Fla.App. 1992); *Smith v. State,* 260 Ga. 274, 393 S.E.2d 229 (1990); *State v. Wickline,* 184 W.Va. 12, 399 S.E.2d 42 (1990). *Cf. Ross v. Kemp,* 260 Ga. 312, 393 S.E.2d 244 (1990).

Consequently, I specially concur to the degree of the remand, but I would leave the subject for resolution more appropriately extended to reach the manifold issues passionately argued by the convicted defen-

dant by every forum available since the original appeal was affirmed four years ago. *Smizer v. State,* 763 P.2d 1254 (Wyo. 1988).

GOLDEN, Justice, dissenting, in which CARDINE, Justice, joins.

I have reviewed the record and Smizer's appellate argument and have concluded that no reason exists to conduct an evidentiary hearing to determine why trial counsel did not call Ken Jones as a witness and why appellate counsel did not raise the issue.

Smizer *alleges* all manner of things that Jones would have testified. His allegations are, however, speculative at best. Smizer's allegations are not supported by affidavits or other competent showing. No showing is made that the pistol in question would have been recovered as evidence; or, that it would have been the murder weapon; or, if it were found and determined to be the murder weapon that Jones could be placed at or near the scene of Volcic's murder. In striking contradiction to Smizer's allegations about Jones and the pistol, Smizer also alleges that he told his trial counsel where to locate a gun which was introduced into evidence and that his trial counsel then improperly reported this information to the prosecutor. As the majority appropriately recognizes, Smizer abjectly fails to find anything in the record to support this strange claim. The gun was not introduced into evidence. It readily appears to me that one desperate allegation follows another.

Smizer's theory of defense was simple: I did not do it and I do not know who did. He put the prosecution to its proof. His trial counsel tactically decided that that theory would not be well served by unsubstantiated finger-pointing at Jones or others.

Smizer has failed to present a substantial claim with specificity; therefore, he is not entitled to an evidentiary hearing. *Alberts v. State,* 745 P.2d 898, 901 (Wyo.1987) (cit-ing *Pote v. State,* 733 P.2d 1018 (Wyo. 1987)).