608 So.2d 925 (1992)
Harold GORDON, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-266.
District Court of Appeal of Florida, Third District.
November 17, 1992.
Roberta S. Fine, Key West, for appellant.
Robert A. Butterworth, Atty. Gen., and Douglas J. Glaid, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
PER CURIAM.
Harold Gordon appeals the denial of his motion for post-conviction relief. We reverse.
Gordon, who was found guilty of three counts of sexual battery on a child under the age of twelve and one count of lewd and lascivious act in the presence of a minor, contends that his trial attorney provided ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Gordon pointed to a number of actions and omissions by his counsel, occurring both pretrial and during trial, and argued that but for his counsel's unprofessional errors, the result of the proceeding would have been different. See Downs v. State, 453 So.2d 1102 (Fla. 1984). The trial court denied outright Gordon's motion. The court observed that the claimed actions and omissions were tactical decisions made by Gordon's counsel.
As stated in Harley v. State, 594 So.2d 352, 353 (Fla. 2d DCA 1992), while defense counsel is certainly entitled to broad discretion regarding trial strategy, when the trial court is confronted with the claim of ineffective assistance of counsel, a finding that *926 some action or inaction by defense counsel was tactical is generally inappropriate, without an evidentiary hearing. Instead, counsel should be heard from, and, if necessary, cross-examined as to whether a decision truly was "tactical." See also Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). We conclude that the instant allegations of ineffective assistance necessitated such an evidentiary hearing. See Overton v. State, 531 So.2d 1382 (Fla. 1st DCA 1988).
Accordingly, we reverse the order denying defendant's motion for post-conviction relief and remand for further proceedings as to the errors claimed.
Reversed and remanded.