33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph O. SMIZER, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden of the Wyoming State Penitentiary,
and the Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 93-8114.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Joseph O. Smizer appeals the denial of his 28 U.S.C. 2254 petition for a writ of habeas corpus alleging various errors in his Wyoming state court murder trial and that his trial and appellate counsel were constitutionally ineffective. Petitioner contends that he was convicted based on insufficient evidence, that evidence of prior bad acts was erroneously admitted, and that both his trial and appellate counsel were ineffective.
 
 
 3
 After exhausting his direct appeal and post-conviction remedies in the state courts, petitioner filed for a writ of habeas corpus in federal court. In October 1993, the district court issued an order denying some of petitioner's federal habeas claims, but held the petition under advisement to await the results of a relevant state court evidentiary hearing--ordered by the Wyoming Supreme Court in a related post-conviction proceeding--before ruling on allegations of ineffective assistance of counsel. Nonetheless, petitioner filed his notice of appeal from this nonfinal order in early November 1993. We instructed the parties to brief the issue of our jurisdiction to hear the petitioner's appeal. On February 3, 1994, the district court issued an order disposing of the petitioner's remaining federal habeas claims. Then, on February 28, petitioner filed an appellate brief addressing the denial of all of his habeas claims.
 
 
 4
 Although the original notice of appeal was premature, the petitioner's brief, filed after the district court's final judgment and within the statutory time period for filing a notice of appeal, is sufficient to confer jurisdiction on this court. "If a document filed within the time specified by [Fed. R.App. P.] 4 gives the notice required by [Fed. R.App. P.] 3, it is effective as a notice of appeal," regardless of the party's intention in filing the document. Smith v. Barry, 112 S.Ct. 678, 682 (1992). Petitioner's brief is the "functional equivalent" of a notice of appeal meeting the requirements, as to content, specified in Fed. R.App. P. 3(c). See id. 681-82 (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988)).
 
 
 5
 Having jurisdiction, we affirm the district court's denial of the petition for a writ of habeas corpus. As to most of the contentions we cannot add meaningfully to the district court discussion of the facts and law, and therefore we affirm on those issues for substantially the reasons given by the district court in its order of October 29, 1993 (order denying habeas claims based on sufficiency of the evidence and admission of prior bad acts evidence and taking under advisement allegations of ineffectiveness of trial and appellate counsel) and its order of February 4, 1994 (order denying habeas claims, based on allegations of ineffectiveness of trial and appellate counsel, regarding the tactical decision not to call a particular witness and the failure to appeal that decision).
 
 
 6
 Petitioner reiterates his concern that his trial counsel agreed to ill-advised stipulations regarding the use of certain dental charts, the introduction into evidence of a bullet without an established chain of custody, and the identification of the alleged murder victim's body. These contentions were not explicitly discussed by the district court in its final order. But these contentions were rejected by the Wyoming Supreme Court, Smizer v. State, 835 P.2d 334, 338-39 (Wyo.1992), and it seems clear that the district court, citing that opinion in its order, intended to adopt the supreme court's conclusions as to those issues. We agree with the district court that none of these contentions describe and support constitutional error sufficient to require that habeas be granted.
 
 
 7
 Turning our attention to appellate counsel, petitioner argues that counsel refused his request that his trial record and transcripts be sent to him while she was preparing his brief. He also claims that counsel did not consult with him adequately and failed to raise several issues that he considered valid in the appellate brief that she filed on his behalf. Petitioner's brief to this court includes copies of much correspondence between him and his counsel. It appears that petitioner's attorney went to the prison to discuss his appeal in person on at least one occasion. Jones v. Barnes, 463 U.S. 745 (1983), vests appellate counsel with great discretion in deciding which issues to raise on appeal, and counsel's exercise of discretion in this case was sound. Petitioner's writ was properly denied by the district court.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470