**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JODY MAPP,

     Plaintiff-Appellant,

v.

STATE OF WYOMING,

     Defendant-Appellee.

No. 96-8056
(D.C. No. 96-CV-64-J)
(WY)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jody Mapp, a state prisoner appearing pro se, brought an action styled motion for preliminary injunction pursuant to 42 U.S.C. § 1983. Mr. Mapp asserted that he was denied the effective assistance of counsel during his state criminal trial proceedings and requested injunctive relief reversing his conviction. The matter was referred to a magistrate judge, who characterized the action as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and recommended dismissal on the ground that Mr. Mapp had failed to exhaust his state post-conviction remedies. The district court adopted the magistrate judge's report and denied Mr. Mapp a certificate of appealability.

We turn first to Mr. Mapp's contention that the lower court erred in characterizing his action as in the nature of a writ of habeas corpus. Mr. Mapp's pleading alleges that his counsel was ineffective and that his conviction must therefore be set aside. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus the magistrate judge did not err in concluding that Mr. Mapp's action was in effect a petition for habeas corpus relief.

We do not agree, however, with the district court's holding that Mr. Mapp's action must be dismissed because of his failure to exhaust state post-conviction remedies. The Supreme Court has held that a petitioner need not seek state post-conviction relief before filing a petition for a federal writ of habeas corpus when the state court has had the opportunity to rule on the substance of the federal claim. "[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'" Castille v. Peoples, 489 U.S. 346, 350 (1989) (quoting Brown v. Allen, 344 U.S. 443, 448-49 n.3 (1953)). Accordingly, Mr. Mapp does not have to seek state post-conviction relief in order to satisfy federal habeas exhaustion requirements if he has presented the claim to the state court on direct appeal. Moreover, the Wyoming Supreme Court has held that "[a] defendant cannot raise the issue of ineffective assistance of his *trial counsel* for the first time in a post-conviction proceeding because that issue could have been raised in the direct appeal." Smizer v. State, 835 P.2d 334, 337 (Wyo. 1992). Thus if Mr. Mapp has not presented his claim of ineffective assistance on direct appeal, he is barred under state law from raising it in state post-conviction proceedings. The claim would be considered exhausted under those circumstances as well, see Wallace v. Cody, 951 F.2d 1170 (10th Cir. 1991) (exhaustion does not require resort to futile state procedure), although his claim

-3-

might then be subject to a procedural bar, see Coleman v. Thompson, 501 U.S. 722 (1991). It is thus clear that the magistrate judge's recommendation, upon which the district court order of dismissal is based, was incorrect.[1]

The record in this case does not reveal whether Mr. Mapp has exhausted his ineffective assistance claim, presumably because Mr. Mapp, who is pro se, believed and continues to assert that his action is a section 1983 action, not one for habeas corpus relief. Under these circumstances, and in view of the fact that the basis upon which the action was dismissed was incorrect, Mr. Mapp should be given the opportunity on remand to show that the substance of the federal claim was presented to the state court or that such presentation would be futile.

Given Mr. Mapp's assertion that his right to the effective assistance of counsel was violated, and our conclusion that the district court erred in dismissing his petition for failure to exhaust state post-conviction remedies, we conclude that the question presented is deserving of further proceedings. Accordingly, we grant Mr. Mapp a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (1994);

---

[1] As an independent ground for dismissal, the district court found and concluded that Mr. Mapp had not met the requirements for the issuance of an injunction under Fed. R. Civ. P. 65(b). Since we agree that this action was properly characterized as one for habeas corpus relief, the requirements for injunctive relief are therefore inapplicable.

-4-

<u>Lennox v. Evans</u>, 87 F.3d 431 (10th Cir. 1996). We also grant his motion for leave to proceed informa pauperis.

**REVERSED** and **REMANDED** for further proceedings.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge