**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMIE STANTON,

        Petitioner - Appellant,

    v.

WYOMING ATTORNEY GENERAL,

        Respondent - Appellee.

No. 10-8044
(D. Wyoming)
(D.C. No. 2:08-CV-00066-WFD)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

This matter is before the court on Jamie Stanton's pro se request for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Stanton seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 petition. 28 U.S.C. § 2253(c)(1)(A).

**APPELLATE JURISDICTION**

A jury found Stanton guilty of bribery, in violation of Wyo. Stat. Ann.

§ 6-5-102(a)(ii). His conviction was affirmed by the Wyoming Supreme Court on

March 20, 2006. *Stanton v. State*, 130 P.3d 486 (Wyo. 2006). Stanton filed the

instant § 2254 habeas petition on March 7, 2008. Concluding Stanton's habeas petition was untimely, 28 U.S.C. § 2244(d), the district court issued an order dismissing the petition on September 21, 2009. The district court's judgment was entered on the docket on September 22, 2009. Stanton filed a timely Fed. R. Civ. P. 59(e) motion on September 29, 2009, asserting the district court had miscalculated the amount of statutory tolling to which he was entitled under 28 U.S.C. § 2244(d)(2). The district court denied Stanton's Rule 59(e) motion on December 14, 2009, concluding that even giving Stanton the most generous calculation of statutory tolling while he was seeking state post-conviction relief, Stanton's habeas petition was still untimely.

Stanton did not file a notice of appeal following the district court's denial of his Rule 59(e) motion. Instead, on April 12, 2010, Stanton filed in the district court a document styled "Petition to Proceed." In his petition to proceed, Stanton again asserted the district court had erred in calculating the amount of statutory tolling to which Stanton was entitled. On May 14, 2010, the district court denied the petition to proceed, concluding it merely reargued issues fully resolved in the order denying Stanton's Rule 59(e) motion. Stanton filed a notice of appeal on May 24, 2010.

This court lacks appellate jurisdiction over Stanton's appeal from the denial of his § 2254 petition because he did not file a timely notice of appeal. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional prerequisite."

-2-

*Bowles v. Russell*, 551 U.S. 205, 214 (2007). "In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Because, however, Stanton filed a timely Rule 59(e) motion, the thirty-day period to file a notice of appeal did not begin to run until the district court denied the motion on December 14, 2009. Fed. R. App. P. 4(a)(4)(A)(v). Thus, Stanton's notice of appeal was due no later than January 13, 2010. Because Stanton did not file his notice of appeal until May 24, 2010, this court lacks appellate jurisdiction over the district court's denial of Stanton's habeas petition.[1]

Stanton did, however, file a timely notice of appeal with respect to the district court's denial of his petition to proceed. Liberally construed, Stanton's petition to proceed is the functional equivalent of a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1). Furthermore, Stanton's Rule 60(b)(1) motion is a "true Rule 60(b) motion" because it challenges the district court's calculation of § 2244(d)'s limitations period. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Thus, this court turns to the question of whether

---

[1]In his notice of appeal, Stanton alleges that he did not receive a copy of the district court's December 14, 2010, order denying his Rule 59(e) motion and also references numerous alleged constitutional violations by prison officials regarding his legal mail. Nevertheless, the district court docket reveals that Stanton never filed a motion to extend the time to file his notice of appeal, pursuant to Fed. R. App. P. 4(a)(5), or moved to reopen the time to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(6).

Stanton is entitled to a COA so he can challenge the district court's resolution of his Rule 60(b) motion.

## DENIAL OF COA

The granting of a COA is a jurisdictional prerequisite to Stanton's appeal from the denial of his true Rule 60(b) motion. *Id.* at 1218. To be entitled to a COA, Stanton must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Stanton has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Stanton need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Stanton's appellate filings, the district court's Order, and the entire record before this court, we conclude Stanton is not entitled to a COA. The record makes absolutely clear that Stanton's § 2254 petition was not timely filed. In calculating Stanton's entitlement to statutory

-4-

tolling, the district court included the entire time from the filing of Stanton's state post-conviction motion (May 4, 2007) to the eventual denial of certiorari by the Wyoming Supreme Court (December 12, 2007). 28 U.S.C. § 2244(d)(2). In his Rule 60(b) motion, Stanton asserted he was entitled to an additional fifty-five days of statutory tolling, consisting of the time period between the Wyoming Supreme Court's denial of certiorari (December 12, 2007) and that court's issuance of a separate order dismissing Stanton's appeal (February 5, 2008). On February 5, 2008, the Wyoming Supreme Court issued the following order:

> This matter came before the Court on its own motion following a review of recently docketed appeals. Appellant has filed a notice of appeal to challenge the district court's "Order Dismissing Petition for Post-Conviction Relief." This Court has made clear that "Final judgment or orders of a district court entered upon petitions pursuant to W.S. 7-14-101, et seq., will be considered only if in the form required by Rule 13, W.R.A.P." *Smizer v. State*, 763 P.2d 1254 (Wyo. 1988); Wyo. Stat. Ann. § 7-14-107; W.R.A.P. 13.01(a). Thus, this matter should have been filed as a W.R.A.P. petition for review, not as an appeal. This Court notes that Appellant previously sought review of the district court's order by filing a petition for writ of certiorari, pursuant to W.R.A.P. 13. This Court denied the petition on December 12, 2007 . . . . It is, therefore,
>
> **ORDERED** that the captioned appeal be, and hereby is, dismissed because this matter should have been, and actually was, pursued as a petition for writ of review/certiorari.

Section 2244(d)(2) makes clear that Stanton is entitled to statutory tolling only for those time periods "during which a properly filed" request for post-conviction relief is pending in state court. *See also Pace v. DiGuglielmo*, 544 U.S. 408 (2005). As the order quoted above makes clear, Stanton's appeal was not the

-5-

procedurally "proper" manner to seek review of the Wyoming state trial court's denial of post-conviction relief. Instead, Stanton was required to, and did, seek review by writ of certiorari. Thus, the district court correctly refused to toll the additional period after the Wyoming Supreme Court denied Stanton's petition for writ of certiorari and correctly concluded Stanton's habeas petition was not timely filed.[2]

**CONCLUSION**

This court lacks appellate jurisdiction over the district court's denial of Stanton's habeas petition. Furthermore, because Stanton has not made a substantial showing of the denial of a constitutional right, this court **denies** his request for a COA and **dismisses** Stanton's appeal from the district court's denial of his Rule 60(b) motion. Stanton's request to proceed on appeal *in forma*

---

[2]To the extent Stanton's appellate filings could be read to suggest he was entitled to an additional ninety-day period of statutory tolling to account for the period to seek certiorari in the United States Supreme Court from the state court denial of post-conviction relief, such an argument is squarely foreclosed by Supreme Court precedent. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

*pauperis* is **denied** and Stanton is ordered to immediately remit the full amount of his filing fee to the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge