RAMIREZ, C.J.
 

 Luis Romero appeals the trial court’s summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand because the record does not refute conclusively Romero’s claim of ineffective assistance of counsel.
 

 Romero was charged by information with aggravated assault. He was convicted of attempted aggravated assault. Romero appealed, and this Court affirmed his judgment and sentence.
 
 Romero v. State,
 
 2 So.3d 1114 (Fla. 3d DCA 2009).
 

 Romero then filed his rule 3.850 claim. In his motion, Romero claimed that trial counsel negligently failed to request the jury instruction on abandonment of the
 
 *972
 
 attempt to commit an aggravated assault. He alleged that testimony from the State indicated that Romero voluntarily renounced and abandoned any criminal intent when he stopped pointing his firearm at the off-duty police officer in the car next to him. No portion of the trial record or transcript was attached to the motion.
 

 The State filed its Response, attaching several pages from the trial transcript. One page contained a portion of Romero’s testimony, which indicated that Romero had stopped pointing his gun at the off-duty police officer.
 

 The trial court denied Romero’s motion, without holding an evidentiary hearing. The trial court stated in its written order that the failure to request an abandonment instruction was a strategic decision on the defense’s part. The trial court further attached a portion of the record, consisting of seventeen pages. Romero then filed this appeal.
 

 We find that the trial court erred in holding that Romero did not request an abandonment instruction, without first holding an evidentiary hearing. A trial court cannot deny a motion for post-conviction relief by finding that defense counsel’s decision was tactical or trial strategy without first holding an evidentiary hearing.
 
 Gordon v. State,
 
 608 So.2d 925 (Fla. 3d DCA 1992).
 

 Moreover, with respect to Romero’s argument that he was entitled to a jury instruction on abandonment, he has raised a facially sufficient claim for rule 3.850 relief that the trial court, by summarily denying the motion, failed to conclusively refute. A defendant is entitled to a jury instruction on the defense of abandonment when the evidence warrants it.
 
 Longval v. State,
 
 914 So.2d 1098, 1100 (Fla. 4th DCA 2005). The post-conviction record now before us does not conclusively preclude an abandonment defense.
 

 Accordingly, we reverse the trial court’s denial without a hearing of Romero’s motion for post-conviction relief. We remand to the trial court with instructions either to hold an evidentiary hearing, or if the trial court again enters an order summarily denying the post-conviction motion, the trial court shall attach written portions of the record conclusively refuting Romero’s claim.
 
 See
 
 Fla. R. App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
 

 Reversed and remanded with instructions.