PER CURIAM.
Emanuel L. O’Neal (Defendant) appeals an order summarily denying his rule 8.850 motion for post-conviction relief. We reverse in part.
Following a jury trial, Defendant was found guilty as charged of burglary of a dwelling and grand theft. The point of entry into the burglarized house, which the police officer, who was dispatched to respond to the victim’s burglar alarm, viewed from a neighbor’s backyard, was a broken window on the southwest side of the victim’s house. At trial, defense counsel did not present evidence but argued that the alleged victim, Defendant’s first cousin, had a grudge against him.
Of the ten claims of ineffective assistance which Defendant raised in the instant motion, this court issued an order to show cause limited to the eighth one, in which he claimed that his defense counsel was ineffective for failing to investigate and take photographs of the point of entry to show that Defendant was physically too large to come through the window. He noted that at the time of his arrest, he was 6' 2" in height, weighed 265 pounds, and had a 50-inch waist; he had told counsel many times that there was no way he could have squeezed through the 10" window. He attached as exhibit A to his motion two photographs of the three-part window, with notations indicating the entire window was 87 1/2 by 33 3/4 inches and each pane was 10 by 34 inches. Had counsel presented such photographs to the jury, he maintained, they would have agreed that only a skinny person could have entered the victim’s home through that little window.
The State pointed out in its response below, and in its response filed in this court, that counsel elicited testimony from the victim about the physical characteristics of the window and argued at closing *1073 that whoever entered that way would have left blood or hair samples behind, but none were in evidence. It attached a trial transcript which reflects that the victim testified he was sure Defendant got in through a window, the kind with a crank that rolls in and out, with three panels that roll in and out together. One of those three was broken; the glass was shattered and the framework “bent all up.” Defense counsel argued that it was not reasonable for someone, within three to five minutes, to break a window, climb through, and not to leave any blood, hair, clothing, or DNA.
This kind of argument was not the same as arguing, with evidence, that the Defendant could not fit through the space in question. As overwhelming as the State’s evidence appears to be, if the jury had accepted Defendant’s position that the victim had a grudge against him, the evidence also could have been explained as a set-up by the alleged victim. Even the tape-recorded voice messages coming from Defendant’s phone were incriminating only when the victim explained what he heard Defendant saying in them; on the trial transcript, the messages were entirely inaudible.
The State acknowledges that ordinarily an evidentiary hearing is necessary to resolve the question of whether an act or omission claimed to be deficient was a reasonable tactical strategy. E.g., Button v. State, 941 So.2d 531, 533 (Fla. 4th DCA 2006) (“A trial court cannot deny a motion for post-conviction relief by finding that defense counsel’s decision was tactical or trial strategy without first holding an evidentiary hearing.”). Nevertheless, the State argues that failure to present evidence of the size of the window was part of defense counsel’s strategy, because he used it to attack the State’s lack of evidence, and asserts that the fact that it was defense counsel trial strategy is evident from the face of the record. We disagree.
Accordingly, the summary denial is reversed in part and remanded for an evi-dentiary hearing, as to the eighth ground for relief. With regard to the remaining claims, we affirm without discussion.

Affirmed in part, Reversed in part, and Remanded.

GROSS, C.J., WARNER and POLEN, JJ., concur.