PER CURIAM.
Douglas Smyth appeals an order summarily denying his multi-issue Rule 3.850 motion for post-conviction relief. We affirm the trial court’s denial of all of the claims except for one. In claim four, Smyth alleges that counsel failed to demand analysis of hair found in the victim’s underwear and such testing would have furthered Smyth’s claim of innocence as advanced at trial. This point of the motion was not specifically addressed either by the response filed in the trial court or the order denying relief.
Responding to this court, the state contends that the decision not to test the hairs in this case was strategic and allowed counsel to argue reasonable doubt based upon the state’s inadequate investigation. Thus, on the face of the record, the strategy is evident. This court has previously rejected a comparable argument that defense strategy was evident on the face of the record and remanded for an evidentia-ry hearing as to whether the claim represents a reasonable tactical decision. See O’Neal v. State, 54 So.3d 1071 (Fla. 4th DCA 2011).
Accordingly, we reverse only the portion of the order discussed above, and remand this case to the trial court for an evidentia-ry hearing as to that claim or for the attachment of those portions of the record that conclusively refute the claim. We affirm as to the remaining claims.
MAY, C.J., WARNER and CHELIN, JJ., concur.