ROTHENBERG, J.
The defendant, Gregory Thomas, appeals the summary denial of his motion for postconviction relief. Based on the trial court’s well-reasoned order, with record attachments supporting the trial court’s findings, we affirm.
Thomas was convicted after a jury trial of first degree murder, robbery by sudden snatching, and grand theft vehicle. This Court affirmed the convictions and sentences in Thomas v. State, 36 So.3d 853 (Fla. 3d DCA 2010). The evidence established at trial was as follows. While the murder victim was unloading luggage at the airport, Thomas approached the murder victim and the murder victim’s family members under the pretext of selling them a CD player. When they declined to purchase the CD player, Thomas snatched the murder victim’s mother’s purse and jumped into the passenger seat of a stolen getaway car driven by another individual. The victim grabbed onto the passenger door of the vehicle, was dragged through the airport, and was fatally injured as the vehicle sped through a padlocked gate at the airport and at least one other fence. The vehicle was found abandoned not far from the airport. Thomas’ fingerprints were found in the vehicle, and he was positively identified by an eyewitness both from a photographic lineup and at trial.
In his supplemental motion for postcon-viction relief, Thomas raises five claims of ineffective assistance of counsel. Although we conclude that Thomas’ claims are successive and therefore procedurally barred; conclusively refuted by the record; or otherwise without merit, we have’ chosen to write on Thomas’ second claim in order to address the concerns raised in the dissent.
Thomas claims his trial counsel provided ineffective assistance of counsel by failing to call Craig Breedlove as a defense witness at trial. Thomas’ defense at trial was that he was involved in the theft of the vehicle, but he was not the individual who snatched the purse and he was not in the vehicle when the robbery and murder were committed. Multiple fingerprints were found in the vehicle. Most of the fingerprints belonged to Thomas, one set was identified as Breedlove’s prints, and the remainder were unidentified.
In support of his motion, Thomas submitted Breedlove’s affidavit, and Breedlove was available and willing to testify at trial. A review of the trial transcript, the evidence introduced at trial, and Breedlove’s sworn testimony, establish that: (1) Thomas’ defense counsel was fully aware of Breedlove’s availability and his potential testimony, as his sworn statement was obtained prior to trial; (2) Thomas’ defense counsel considered calling Breedlove as a witness; (3) the trial court recessed the *73 trial to allow defense counsel to confer with Thomas regarding whether to call Breedlove as a witness; (4) Breedlove was waiting outside the courtroom in the event the defense decided to call him; (5) defense counsel’s decision not to call Breed-love as a witness was a strategic decision; and (6) by Breedlove’s own account, he was not present when the crimes were committed and he could not have shed any light as to who was in the vehicle when the crimes were committed. Based on this record evidence, the trial court did not err in denying Thomas’ motion without conducting an evidentiary hearing.
First, as we have already noted, Breed-love’s sworn statement was obtained prior to trial, and thus, what he would have testified to was known by the defense and Thomas prior to trial. Second, the record reflects that defense counsel (1) considered calling Breedlove as a witness; (2) had Breedlove brought to court in case he decided to call him as a witness; and (3) took a recess during the trial to discuss with Thomas whether to call Breedlove. Third, the record also reflects that after consulting with Thomas, defense counsel made the decision not to call Breedlove.
DEFENSE COUNSEL: What time are we starting?
THE COURT: 1:30.
DEFENSE COUNSEL: If they can get Breedlove over here we can have him available without any hiteh[e]s....
[[Image here]]
THE COURT: You are excused. You can go. Your next witness?
DEFENSE COUNSEL: Judge we need a sidebar.
[Thereupon, counsel for the respective parties approached the Bench and conferred with the court outside the hearing of the jury and the following proceeding was held].
DEFENSE COUNSEL: Judge we need a few minutes to chat with our client and deal with the issue of Mr. Breedlove.
THE COURT: Okay.
(Thereupon, the following proceeding was held within the hearing of the jury:)
THE COURT: Ladies and gentlemen, I need you to go into the jury room for a few minutes.
THE BAILIFF: All rise.
(Thereupon, the jury retired from the courtroom and the following proceeding was held:)
DEFENSE COUNSEL: Judge I’m trying to figure out how we can chat with Mr. Thomas in semi-privacy.
THE STATE: We’ll be happy to leave the courtroom.
(Thereupon a short recess was taken).
DEFENSE COUNSEL: Let’s do this first, judge, then we can do something else. At this time the defense is going to rest. We are done.
THE COURT: You are done?
DEFENSE COUNSEL: We are done.
Defense counsel’s strategic decision not to call Breedlove was not ineffective assistance of counsel. According to Breed-love’s sworn testimony, he would have testified that on the day of the robbery and murder, he had seen “Red” (a co-perpetrator) alone in the stolen vehicle. He did not see Red or the vehicle again until a day or two after the robbery arid murder. Therefore, Breedlove’s testimony, which suggests that Red was the driver of the stolen vehicle when the robbery and murder were committed, in no way exculpates Thomas, as it is clear that there were two individuals involved in the robbery and murder, and Thomas was identified by the eyewitness as the passenger who exited the vehicle and committed the robbery. Because Breedlove did not see the crimes being committed, and because only the driver *74 was in the vehicle when he saw it earlier that day, Breedlove’s testimony would not have assisted Thomas in any way. Thus, Thomas’ defense counsel did not provide ineffective assistance by failing to call Breedlove as a witness. See Strickland v. Washington, 466 U.S. 668, 687-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring defendant who claims he is entitled to reversal of a conviction to establish that counsel’s performance was deficient and counsel’s deficient performance prejudiced the defendant, and concluding that strategic choices made after investigation of the facts, if reasonable, are virtually unchallengeable); Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000) (“[Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.”); State v. Eby, 342 So.2d 1087, 1089 (Fla. 2d DCA 1977) (“[A] decision not to raise certain possible defenses or call certain defense witnesses is ordinarily a matter of personal judgment and strategy within the prerogatives of defense counsel.”).
Affirmed.
SALTER, J., concurs.
SUAREZ, J., dissents.
I agree with the majority’s affirmance of the trial court’s denial of relief on all but one claim, which I would reverse and remand for an evidentiary hearing.
Thomas was convicted after jury trial of first degree felony murder, robbery and auto theft. This Court affirmed his conviction and sentence. Thomas v. State, 47 So.3d 1291 (Fla. 3d DCA 2010). Thomas’s defense was that he was involved in the car theft, but was not in the car at the time of the robbery and felony murder, and was innocent of those charges. Multiple fingerprints were found in the car; most of the fingerprints belonged to Thomas, one set to Craig Breedlove, and the rest to an unknown person. Thomas raised five claims of ineffective assistance of counsel in his motion for postconviction relief, which the trial court denied without an evidentiary hearing. To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and that demonstrate a deficiency in performance that prejudiced the defendant; the failure to sufficiently allege both prongs results in a summary denial of the claim. Rhodes v. State, 986 So.2d 501 (Fla.2008); Morgan v. State, 991 So.2d 835 (Fla.2008); Kimbrough v. State, 886 So.2d 965 (Fla.2004); Jones v. State, 845 So.2d 55 (Fla.2003); 28A Fla. Jur.2d Habeas Corpus and Post-conviction Remedies § 171. And, of course, “unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.140(i).
The record in this case fails to justify the denial of Thomas’s motion without an evidentiary hearing, but only as to the issue of whether trial counsel failed to call Craig Breedlove as an exculpatory witness. Thomas asserts in his petition that Breedlove’s fingerprints were found in the vehicle, that Breedlove was available to testify at trial, and that he would have testified that he was inside the car with another person — not the defendant — just prior to the crime, and that the other person had the specific intent to commit a robbery just before the robbery and felony murder occurred. Thomas’s petition sets forth a facially sufficient claim. See Jacobs v. State, 880 So.2d 548, 553 (Fla.2004) (reversing for evidentiary hearing where defendant specifically identified the alibi witnesses, stated the substance of their ex *75 culpatory evidence, and averred that they were known to counsel). Although eyewitnesses identified Thomas as one of the perpetrators, the record does not conclusively refute his contention that Breedlove was a critical exculpatory witness.
The trial court’s order denying this claim explains that defense counsel called a sidebar to speak with the defendant about witness Breedlove. The sidebar is not on the record. The court’s order states:
Whatever exchange took place between the Defendant and his attorneys, took place semi privately, outside the presence of the jury and the prosecutors but the trial judge was present. The exchange that took place was not transcribed. It can be reasonably concluded that the exchange that took place was on the subject of witness Breedlove and whether he should testify. There is a strong inference that the exchange took place in the presence of the Court, ... [defense counsel states that the defense rests, they are done],.... The record demonstrates that the decision to not have Mr. Breedlove testify was not one that was made unilaterally, as claimed by the Defendant, [e.s.].
Ordinarily, an evidentiary hearing is necessary to resolve the question of whether an act or omission claimed to be deficient performance by trial counsel, for purposes of a postconviction ineffective assistance claim, was a reasonable tactical strategy. See Romero v. State, 48 So.3d 971 (Fla. 3d DCA 2010) (holding that a trial court cannot deny a motion for post-conviction relief by finding that defense counsel’s decision was tactical or trial strategy without first holding an evidentiary hearing); O’Neal v. State, 54 So.3d 1071 (Fla. 4th DCA 2011) (disagreeing with the state’s argument that defense counsel trial strategy was evident from the face of the record without necessitating an evidentiary hearing to resolve the question of whether the omission alleged to be deficient was reasonable trial strategy); Johnson v. State, 840 So.2d 369 (Fla. 1st DCA 2003) (finding that the attachments to the order denying relief did not conclusively negate the defendant’s allegation, and the possibility that counsel’s omission might have been a matter of trial strategy could not be determined without an evidentiary hearing); Gordon v. State, 608 So.2d 925 (Fla. 3d DCA 1992) (finding that when the trial court is confronted with a claim of ineffective assistance of counsel, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing; counsel should be heard from, and, if necessary, cross-examined as to whether a decision truly was tactical); Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990) (holding that the determination of whether or not defense counsel’s actions were tactical is a conclusion best made by the trial judge following an evidentiary hearing).
Here, there is only speculation as to the substance of the sidebar as it related to witness Breedlove and there is nothing in the record that conclusively refutes Thomas’s claim on this point. I would reverse and remand for an evidentiary hearing only as to the specific issue of trial counsel’s decision not to call witness Craig Breedlove, where the record does not conclusively refute the defendant’s prima facie postconviction claim.